*Philadelphia.*

HARRIS *against* SMITH.

IN ERROR.

*Saturday,*
*January 4.*

An auctioneer sold goods to the defendant, and committed them to the care of the plaintiff, his servant, to be delivered to the defendant,

ERROR to the District Court of the city and county of *Philadelphia.*

*Smith*, the plaintiff below, brought an action of *replevin* against *Harris*, for fifteen boxes of liquorice paste ; and, on the trial, the case was as follows. The liquorice paste be-

on his performing certain conditions. The defendant, by artifice, and without performing the conditions, obtained the possession. Such auctioneer may be a witness for the plaintiff, in replevin for the goods.

A mere servant, who has the care of goods, cannot maintain replevin : but if they are delivered to him by the master, as bailee, he may.

If the vendor rely on the promise of the vendee, to perform the conditions of sale, and deliver the goods to him, the right of property is changed. But where performance and delivery are understood by the parties to be simultaneous, possession obtained by artifice and deceit, will not avail to change the property.

*Query*, whether an action to recover the price of goods sold at auction, can be sustained in the name of the auctioneer only ?

longed to Mr. *Hinkle* of *Boston*, who transmitted it to *Silas* *E. Weir* of *Philadelphia*, auctioneer, with directions to sell it at auction. It was accordingly put up at auction, and sold on the 23d *August*, 1812, to the defendant, *Harris*. The terms of sale, were approved endorsed notes, at sixty days. *Weir*, the auctioneer, after the sale, put the liquorice into the hands of *Smith*, the plaintiff, who was his clerk: with instructions not to part with it, without an approved indorsed note. The defendant, a day or two after the purchase, came to the auction store, where the liquorice paste was, and after offering to Smith, several names as indorsers, which were refused, offered the name of. Mr. *Yohe*, which was accepted; and, on his promise to send him immediately *Yohe*'s indorsement, the paste was delivered to him by *Smith*. The indorsement of *Yohe*, however, was never sent. A clerk of Mr. *Weir* was sent for the note. He called once or twice at the defendant's house, without seeing him. When he did see him, the defendant made a difficulty about the tare: that difficulty was removed; but he still declined giving the note. The defendant afterwards said, he could not give *Yohe*'s indorsement, but would give some other. The replevin was then taken out. *Harris* was in good credit at this time, and so continued, until the 28th *August*, 1813, when he failed.

On the trial, the plaintiff below offered Mr. *Weir* as a witness. The defendant objected to his admission, but the Court over-ruled the objection, and sealed a bill of exceptions.

The defendant's counsel also contended, that the action could not be maintained by the plaintiff, who was a mere servant of Mr. *Weir*; but ought to have been brought in the name of Mr. *Weir* himself. They further insisted, that by the delivery to the defendant, the property was changed: and that no remedy remained, but an action against him for the price of the goods sold.

The Court below charged the jury, that " a mere servant, " who has only the charge, or custody, as servant, and no- " thing more, does not thereby acquire any property in the " goods ; the property remains in the master, and the action " for their recovery must be brought in his name. If, there- " fore, the plaintiff had the custody of the goods, merely as

1817.

HARRIS
v.
SMITH.

"servant, and nothing more, the action would not lie. But, "if there was something beyond the ordinary case of a ser- "vant; if they were delivered to him as bailee, and under a "particular responsibility, he acquired a qualified property, "and might maintain the action."

The Court further charged the jury, that "it appeared "from the evidence, that the terms on which this property "was sold to the defendant, were an approved indorsed note, "at sixty days: that is, in the common understanding of such "sale, the note was to be given previous to delivery. Such "sale simply would not change the property: but, if the "conditions were complied with by the purchaser, the pro- "perty forthwith vests in him. But if the conditions of the "sale are not complied with, and yet, the property delivered, "does that change the property? As to this, if the property "is delivered absolutely, and the vendor relies upon the "personal promise or credit of the vendee, the property is "changed, though the conditions are not performed: but if "the delivery itself is conditional, as if the property is deli- "vered upon condition that the vendee shall immediately "send such a note as is agreed upon, and he does not per- "form the condition, the property is not ultimately changed "by such delivery. Or, if it was the understanding of the "parties, that the delivery of the goods and of the note, are "to be cotemporaneous, and each to depend upon the validity "of the other, the delivery of the one does not vest a right, "if the delivery of the other does not take place. Again, "it is a principle of law that fraud vitiates every thing; and "if there was fraud used in getting the possession, it does "not change the rights of the parties. As if the purchaser "in a case like the present, practises a trick: if he plans to "get possession, and yet not give the note, it does not "change the rights of the parties."

To this charge the defendant tendered an exception. The jury found a verdict for the plaintiff.

*Phillips* and *S. Levy*, for the plaintiff in error, cited 4 *Dall.* 95. *Livermore on Agents*, 94. 1 *Dall.* 62. 2 *Johns.* 16. 2 *Black. Com.* 481, 2, 3. 4 *Black. Com.* 230.

*Chauncey*, contra.

1817.

HARRIS
*v.*
SMITH.

GIBSON J. · The plaintiff in error objects to the proceedings below, that *Silas E. Weir,* who was admitted to be sworn as a witness, was interested and incompetent; and that there is error in the charge of the Court.

It is certain that *Weir,* with whom the goods had been deposited as an auctioneer, was liable to *Hinkle,* and it is probable the money recovered in this suit will be paid directly into his hands : so far his *credibility* is directly affected. But has he a *vested legal* interest in what may be recovered? I think not. *Weir,* an auctioneer, having sold the goods for which this suit is brought, to the defendant below, commits them to the custody of the plaintiff, his servant, with instructions to deliver them to the defendant on his performing certain conditions. The defendant, by artifice, and without having complied with the conditions, prevails with the plaintiff to part with the possession. The result is, that the plaintiff and defendant are both liable to *Weir*—the plaintiff for a breach of his instructions, and the defendant in an action of trover or replevin, founded on *Weir*'s right of property. He can sue either or both ; but he is legally unconcerned in any suit between the present parties. A case has been read to shew that an action to recover the price of goods sold at auction, can be sustained in the name of the auctioneer only ; and hence it is inferred, the witness has a legal interest in what may be recovered in this suit, and is to be considered as the real party. This case, even if it were law (which I very much doubt) is inapplicable ; for the action, here, is not brought for the price of the goods, but in express disaffirmance of the sale.

As to the charge, the error alleged is, that the facts proved were insufficient to shew such a special property in the plaintiff as to enable him to sustain an action ; that at most he had a mere charge of the property that could give no right ; and that even if he had been a bailee, his property, as such, was divested by the delivery to the defendant.

On the evidence, I admit it is questionable whether the plaintiff had a sufficient right of property. But the error, if any, lay with the jury. They were instructed that a mere servant, who, as such, has only the charge or custody of goods, has not a special property in them, but that the property remains in the master, and the action for their recovery must be brought in his name ; and that unless the

1817.

HARRIS
*v.*
SMITH.

goods in question had been delivered by *Weir* to the plaintiff as a bailee, and under a particular responsibility, this action could not be sustained. This was a direction as favourable to the defendant as the law would warrant. The judge left the application of the rule to the jury, whose business it was to apply it to the facts.

As to the delivery to the defendant, it is very clear the property was not changed by it. If a vendor rely on the promise of the vendee to perform the conditions of the sale, and deliver the goods absolutely, the right of property will be changed, although the conditions be never performed. But where performance and delivery are understood by the parties to be simultaneous, possession obtained by artifice and deceit will not avail: the fraud will vitiate the whole transaction. To this effect the jury were instructed ; I am of opinion, therefore, there is no error in the record, and the judgment must be affirmed.

NOTE.—This cause was argued before YEATES and GIBSON Justices, in the absence of the CHIEF JUSTICE, who was prevented from attending Court by domestic affliction. It was held under advisement, and during the ensuing vacation, Judge YEATES died ; but the opinion of the Court having been formed on consultation immediately after the term, was now delivered by Judge GIBSON.