A Judgment being rendered against Jones, as security for Bullitt, for Í238 14, with interest, at the rate of five per cent per annum, from the aOth of* March 1796, and costs, he discharged the seme; and afterwards in 1805, on motion, in the Haymarket District Court of Virginia, obtained a judgment for the amount of principal, interest and costs against Bullitt, by confession. On this judgment, he brought suit and recovered judgment against Bullitt in the Shelby cir. cuit court of this state, whither the parties had, in the mean time, removed. To stay proceedings upon this last judgment, Bullitt fifed his. bill, alleging in sub *50 Stance, that being, from pecuniary embarrassments, unable to pay the debt in Virginia, Jones agreed to discharge the debt, Upon the best terms he could, and held Buliitt responsible only for the amount he should actually pay ; that Jones in fact paid the debt in Virginia with about three hundred and fifty dollars, that Bullitt afterwards deposited a large quantity of salt with Jones, which he agreed to retail for Bullitt upon certain terms : but. that Jone- refused to comply with his agreement, or to deliver up the salt to Bullitt, and insisted upon retaining it in satisfaction of the debt due from Bullitt; that Bullitt, after some hesitation, agreed that he should do so, and it was finally settled 'between them, that Jones should retain seven hundred Mid fifty dollars worth of the salt, which he accepted-as full satisfaction for the. demand he had against Bullitt ; and Bullitt, on these grounds, prayed for and obtained an injunction to stay proceedings upon the judgment.
Jones, in his answer, denies that he ever agreed with Bullitt to pay off the debt, in Virginia upon . the terms stated in the bill, and alleges that he. paid the amount of the debt. He admits that he received seven hundred and fifty dollars worth of salt from Bullitt in part discharge of the debt; but denies .that he accepted it in Satisfaction of the whole demand, and insists upon his right to recover the residue.
On a final heating, the circuit Court decreed the in-^ junction perpetual, and Jones has. appealed to .this court.
2. Whether Jones agreed to pay off the debt in Virginia upon the terms Bullitt alleges or not, or whether he discharged the judgment by paying less than the amount, it is unnecessary to enquiie; for the judgment afterwards obtained by Jones against Bullitt, in Virginia, roust be conclusive as to the amount that was then due. It would have been conclusive, if it had been rendered after a trial, and much more must it be 30 as it was rendered, upon the confession of Bullitt, unless the confession had been obtained by fraud or imposition, which is not alleged.
The controversy must, therefore, depend upon the question, whether the judgment has since been discharged by Bullitt. That he paid, and that Jones accepted seven hundred and fifty dollars worth of salt N *51 satisfaction of the judgment, cannot, we think, ofa reasonable doubt. 1'he fact is positively sworn to by one witness, whose character is unimpeached, and his testimony is strongly corroborated by other wit. nesses.
where mo. SeémmvTto fccept ,ome. thing else in Heu of the Qf less value,the agreement without consideration; where"» largcr sum than $7S0 is ow-inU' money, an a-green ent to receive g75G ^theactu* al reception ot'.tindis^f^bt ¿3 á discharge
3. But admitting that Jones accepted.seven hundred and fifty dollars worth of salt in satisfaction of whole demand, yet it is contended, that as it was but a part of what was then due and payable, he cannot be thereby prevented from recovering the residue. Tt is undoubtedly a well settled rule, that the acceptance of a part of a debt when payable, in satisfaction of the whole, cannot operate as a bar to the recovery of the residue. For the debtor being under an obligation to pay the whole debt at the time, and the creditor being entitled to receive the whole, an agreement that a part shall be a satisfaction of the whole debt, is an agree, ment without consideration, and cannot be enforced ei. ther in a court of law or a court of equity. But if the creditor accepts of a part of the debt before it is pay. able, or at a different place, in satisfaction oi the whole, it will bar the recovery of the residue; for the debtor being under no obligation to pay the debt before it is due, or at a different place, and the creditor having no right to demand it, the agreement to accept a part of the debt at such time or place, is obviously founded upon a consideration. So, as in this case, where money is due, and there is an agreement to ac. cept something else, though of less value, in satisfa.c. tion of the debt, the agreement cannot be said to be without consideration ; for in this case, Jones had no right to demand, nor was Bullitt under any obliga, tion to pay the salt. Bullitt’s parting with the salt, was. therefore, a consideration, for the acceptance of it by Jones in satisfaction of his demand’.
The decree must be affirmed with costs.