ALLEN *vs.* J. & C. ROOSEVELT.

The acceptance by a creditor of a *dividend*, under a *voluntary assignment* made by a debtor without the concurrence of his creditor, and without an agreement on the part of the creditor to accept the assignment in satisfaction of his debt, is not a bar to an action for the balance of the debt; no agreement in such case is obligatory unless it assumes the form of a *technical release.*

ERROR from the superior court of the city of New-York. The suit in the court below was on a bill of exchange, for $161,$\frac{49}{100}$, drawn on Allen, by the plaintiffs, payable to their own order three months after date, accepted by the defendant, and bearing date 10th July, 1828. The plaintiffs also declared as the endorsers of a promissory note for $300, bearing date 3d April, 1828, payable to the order of C. F. Leggett, six months after date. The defendant pleaded *non-assumpsit*, and gave notice of special matter. On the trial, the plaintiffs proved their demands and rested. The defendant then proved that on the 13th September, 1828, at Providence, in Rhode-Island, where he resided, he became insolvent, and on that day executed a *voluntary assignment* of all his property, real and personal, to three individuals, *in trust* to dispose of it and apply the proceeds to the payment of his debts, giving a preference to certain creditors, by directing the trustees *first to pay all the notes*, bills of exchange, bonds and other securities for the payment of money, made by the defendant, and *endorsed, guarantied, or otherwise secured by other persons.* This assignment contained a *proviso*, that no creditor should receive any payment or dividend, unless he should fully acquit and discharge the defendant from all demands up to the date of the assignment. At the solicitation of an accommodation endorser, and for the purpose of the more effectually securing him, the defendant, on the 15th September, 1828, executed a second assignment to the same trustees, whereby the *first class* of creditors to be preferred was *limited to such persons as had endorsed, guarantied, or otherwise secured the notes, &c. of the defendant as his accommodation endorsers, or sureties.* On the 12th January, 1829, an attorney at law in Providence presented to

the trustees, in behalf of the plaintiffs, the above demands, and claimed that the plaintiffs were entitled to come in among the preferred creditors of the first class, under the assignment of the *thirteenth* of September. A question arising between the trustees and the attorney of the plaintiffs, as to whether the note for $300 could be considered as included in the first class of debts entitled to preference, a submission was entered into between them, (with the assent of the plaintiffs,) whereby all questions which had arisen or might arise relative to the assignment were submitted to the three judges of the supreme court of Rhode Island. Several other creditors of the defendant united in this submission. The judges of Rhode Island subsequently made an award, adjudging the assignment of the *thirteenth* of September to be valid ; that the proviso, requiring the creditors of the assignee to discharge him from his debts, did not render the assignment void, and that the note for $300 should be included in the first class of debts to be paid. On the 11th August, 1829, the attorney of the plaintiffs received from the trustees $95, and gave a receipt for the same, whereby he admitted to have received that sum under the assignment of the thirteenth of September. The judge presiding at the trial charged the jury that the plaintiffs were entitled to recover, and the jury accordingly found a verdict in their favor for $471,$\frac{91}{100}$, on which verdict judgment was entered. The defendant having excepted to the charge of the judge, sued out a writ of error.

*S. A. Crapo,* for the plaintiff in error, contended that the facts and circumstances of the case established a *composition* between the debtor and his creditors; that the defendant having assigned all his property for the benefit of his creditors, and the plaintiffs having adopted the assignment by submitting a question arising under it to arbitration, which was decided in their favor, and having received a *dividend,* were barred from maintaining their action. 1 *Esp. N. P. R.* 236. 3 *id.* 228. 3 *Serg. & Lowb.* 411. 2 *Starkie,* 417. 2 *Campb.* 383. *Co. Litt. ch.* 5, § 3, *p.* 74. 5 *Johns. R.* 386. 1 *Hall's R.* 271. Although the condition requiring a release renders

UTICA,
July, 1835.

Allen
v.
Roosevelt.

an assignment here void, the law on this subject is held oth-erwise in Rhode Island, where the assignment was executed and the property situate ; and at all events the plaintiffs, by the submission and the award in pursuance thereof, and by the receipt of the dividend, are estopped from questioning its validity. The attempt to enforce payment upon the ori-ginal demands is a fraud upon the other creditors.

*J. I. Rosevelt, jun.* for defendants in error. The clause re-quiring a *release* as a condition of payment, rendered the as-signment void, as well in Rhode Island as here, the common law being presumed to prevail there as well as here. But if not void, the release was waived, and was intended to be waived by the second assignment, which contained no such clause ; it was waived also by the payment of the dividend, without the exaction of a release. If the trustees had no right to pay without a release, they are responsible to the defend-ant ; that question cannot be raised between these parties. There was no *composition*, the assignment was a nullity, and the court will not carry into effect what the law declares to be void. Such a composition cannot be enforced. The on-ly question, therefore, existing in this case, is, whether the payment of a lesser sum will discharge a greater ; in respect to which the law is too well settled to require comment.

*By the Court,* NELSON, J. The reference of the question as to the right of the plaintiffs below to present their claims under the first assignment, as included in the first class, and the award in pursuance of such reference, do not materially affect the point before the court. They leave the rights of the parties in all respects the same, as they would have been, had the assignees received the note as embraced in that class without such reference. The defence still stands upon the ground that these demands have been presented under the as-signment, and that a dividend has been received, and nothing more. The right thus to come in, instead of being determin-ed by the assignees themselves, was referred to arbitrators, and by them settled. The validity of the assignment, how-ever, cannot be questioned by the plaintiffs. They are estop-

UTICA,
July, 1835.

Allen
v.
Roosevelt.

ped from taking that position, by having presented their demands under it and receiving the dividend; as probably they likewise would be by virtue of the submission, even assuming the law respecting the assignment to be otherwise in Rhode Island.

The assignment is not a composition deed with the creditors, as they had nothing to do with the making or execution of it. Had it been the transfer of all the property of the insolvent to them, or for their benefit and with their assent, it would have constituted a good consideration for their agreement to take it in satisfaction of their respective demands, though it might have been insufficient to pay the whole. 5 *Johns. R.* 386. Here the debtor assigns his property to his own trustees, and provides that the creditors may come in as directed, on certain terms. Those who do not choose to comply are put at defiance; they shall have nothing. Those who do come in and take a dividend, undoubtedly thereby impliedly agree, to comply with the conditions. The question here is, does this operate as a technical bar to a suit for the residue of the debt? It appears to me not. The assignment of the property is not the consideration for this implied agreement by the creditors; that is already complete, and independent of them; but it is the agreement of the debtor contained in the assignment, that the assignees shall pay any surplus (after their expenses are taken out) to those creditors electing to come in under it. This clearly does not operate as a satisfaction of the debt; it is a *nudum pactum,* as between the debtor and his creditors. There is no new consideration or responsibility. It is a mere agreement to pay the debts of the insolvent as far as his property will go, after taking out the expenses of converting it into money. There is no personal responsibility on the part of the assignees. It is the agreement of the debtor himself to be executed by others on his behalf, and superadds nothing to his original liability to his creditors. Suppose no assignment of the debtor's property had been made, and while in possession of the property he had held out the same terms to his creditors; it could not for a moment be pretended that it would be a valid agreement, or that payment of a rateable part of a

UTICA,
July, 1835.

Allen
v.
Roosevelt.

debt in pursuance thereof would have been a satisfaction of it. Upon this supposition the case would fall directly within those where an actual payment of part of a debt, and an agreement to receive it in full satisfaction of the whole, is a *nudum pactum.* 5 *East,* 232. 2 *Johns. R.* 450. 5 *id.* 271. 17 *id.* 174. This case is not as strong for the defendant, for here is only *an agreement to pay* an amount that turns out to be less than the whole. Now, as respects the defendant, the assignees stand precisely in his place. He transferred the property to them, without consulting his creditors, to subserve his own purposes, and prescribed his terms as freely and absolutely as if the property remained in him. As regards the plaintiffs and other creditors, he may be considered as still holding it. In judgment of law,. they are in no bettter condition than if the fact was so, and he had made the same agreement and paid the dividend. The case, stripped of immaterial matter, in truth presents the simple question, whether payment of part of a debt, with an agreement to receive it in satisfaction of the whole, will constitute a good bar to a suit for the balance. The cases cited above settle the point that it will not, without a release under seal. 17 *Johns. R.* 174, *and cases there cited.* The reasons upon which this general rule is founded are technical, and not very satisfactory ; but we need not regret the necessity of its application in this case, or any other defence founded upon voluntary assignments of the description of that under consideration.

Judgment affirmed.