Turley, J.,
delivered the opinion of the court.
In this casp, the proof shows satisfactorily, that Jesse Gambling, the complainant, sometime about the 24th of April, 1837, sold to John Read, one of the defendants, the negro child, Marcus, the subject of controversy, for the sum of 150 dollars, to be paid on the 25th of December foliowing, and retained the right and title in himself as security for the payment of the purchase money; that, at the same time, lie sold also to said defendant, negro woman Hannah, the mother of the child, and permitted the possession of the child, it being but three months old, to be taken by the defendant together with the mother, the purchase money of whom had been secured, and the. title parted from; that on the 29th of April, 1837, John Read executed a deed of trust on the negro woman and child, to secure a debt previously contracted to his co-defendant, Zachariah F. Green, and that the purchase money for the child has never been paid to the complainant.
Upon this state of facts, the question presented for consideration is, whether the vendor of a negro can permit the vendee to take possession, and retain in himself the title to secure tbe payment of the purchase money? It is not denied that as between himself and his vendee he may, but it is said, that as between himself and a subsequent purchaser from his. vendee, without notice, he cannot, unless the contract be re duced to writing and registered as a mortgage.
The maxim, caveat emptor, applies as well to purchasers *285 •oí’ negroes as other personal property; and of course, if the person from whom the purchase is made, have not the legal title, the purchaser can acquire none. The possession of personal property is only prima facie evidence of title, and will not protect a purchaser against the claim of the true owner, except in a few cases provided for in law, where it has been of such a character as is calculated to impose upon creditors and subsequent purchasers, which need not be specified, as this is not one of them.
The defendant, John Read, then, having acquired by his ) ? contract with complainant, no legal title to the negro in dispute, could convey none to his co-defendant, Zachariah F.' Green. There is, we think, nothing substantial in the argument, that the contract between the complainant and defendant Read, ought to have been registered as a mortgage. We do not think that it is a mortgage; although so far as the 1) property is held to be a security for the payment of the debt, I it is somewhat similar. In the case of a mortgage, the title passes from the mortgagor to the mortgagee, to secure the mortgagor’s debt, who may either take possession or not, at his pleasure. But in the case now under consideration, the f title to the property was never parted from, but was retained |¡‘ by the owner, to secure the payment of the money contracted to be given for its purchase. There is no law requiring such contracts to be registered. Though partaking in many respects of the nature of mortgages, yet they are not mortgages; and the statutes requiring the registration of mortgages cannot be made to apply to them.
The complainant is therefore entitled to relief, but not to the relief given by the chancellor. For inasmuch as he holds the legal title to the negro boy, only as a security for the purchase money, the defendants, upon the payment thereof, are entitled to keep him. The right, therefore, ought not to have been divested by the decree, but they should have been directed to pay the money in some reasonable time, and in case of failure, the contract should have been rescinded, and the negro restored to the complainant.
The decree will therefore be modified, in this respect, and the time of two months given to defendants, after they shall *286 have |jeen notified of this decree, in which to make payment 0f the $150, with interest from the 25th day of December, 1837.
Note. See Haggerty vs. Palmer 6 Johns, Ch. R. 437.
Upon the subject of the seller’s Hen for the price, upon a conditional sale of chattels, see 2 Kent’s Comm. 496, 497, 498, 3d Ed., and the authorities there cited; to which add, Dupree vs. Harrington, 1 Harper’s R. 391; Wheeler on Slavery, 70, S. C.; Owenson vs. Morse, 7 T. R. 54; Harris vs. Smiths, 3 Serg. & Rawle, 20.
Decree modified.