By the Court,

Beardsley, J.
The declaration is had. It shows no right or title in the plaintiffs upon which replevin will lie.' This action can only be maintained by one who has the *127 general or a special property in the thing taken or detained. (1 Chit. Pl. 170 to 173, 7th Am. ed.; Co. Pitt. 145, b; Stephens’ N. P. 2484; Harris v. Smith, 3 Serg. & Rawle, 20; Warren v. Leland, 9 Mass. Rep. 265; Wilk. On Repl. 3; Gilb. On Repl. 151.) The plaintiff therefore" must set up such a right or title in his declaration, or it will be wholly insufficient for his purpose.
The usual allegation is, that the goods taken or detained were the goods of the plaintiff. (2 Chit. Pl. 843, 844; Wilk. On Repl. 162; and see 2 Lilly's Ent. 347.) An averment of this nature is essential to the plaintiff’s right of action, as it asserts his right of property in the goods; although any other words of equivalent import may undoubtedly be substituted. (Franklin v. Reeves, Rep. Temp. Hard. 118, 2 Stra. 1023, S. C.; Whiteman v. Hawkins, 3 Bulstr. 303; Foutleroy v. Aylmer, 1 Ld. Raym. 239; Jose v. Mills, 2 id. 890; 1 Chit. Pl. 413, 414; 2 id. 835, note (h); Webb v. Fox, 7 T. R. 391, 399; Stephens’ N. P. 2490.)
This declaration does not allegó that the goods in questiobelonged to the plaintiffs, nor any thing to that effect; but simply that they were “goods and chattels of which the said plaintiffs were entitled to the possession.” Pleading is a statement of facts, and not of the evidence of facts. (1 Chit. Pl. 244, 245, 271, 272, 286, 572.) And if it were true that one who is entitled to the possession of chattels must necessarily have a general or special property therein, still, in pleading his right, the fact, and not the evidence, should be alleged. (Daniels v. Hallenback, 19 Wend. 408; Fuller v. Delavan, 21 id. 57; Church v. Gillman, 15 id. 656.) This is decisive of the question before us, and I choose to dispose of it on this single ground.
The statute has extended the remedy by replevin to a new class of cases, viz. the wrongful detention of chattels, although the original taking may not have been tortious ; (2 R. S. 522, §§ 1, 6, 36, 39;) but it does not authorize the action in either form, unless- the plaintiff has, as at common law, the general or a special property in the thing In contest. In this case the declaration does not show that the plaintiffs have or had any such *128 property in the goods, and therefore the action of replevin will not lie.
The defendant is entitled to judgment on the demurrer, with leave to amend on the usual terms.
Ordered accordingly.