## PEARSON & FANT v. THOMASON.

1. If a creditor agrees, with his debtor, to accept, in discharge of the debt, a less sum *in money*, than the debtor owes, on an over-due note, and the latter pays the sum of money so agreed, but the note is not delivered up, it is a *nude pact.*, and cannot bar a recovery of the balance due on the note.

2. In determining, whether an agreement by a creditor to accept from his debtor a less sum, than he owes, in full satisfaction of the debt, is without consideration, the insolvency of the debtor, at the time, can have no influence. His *obligation* to pay is not impaired by his insolvency.

Error to the Circuit Court of Talladega.    Before the Hon. Nathan Cook.

This was an action by plaintiffs against defendant, on a promissory note for $132 82, dated 26th January, 1842, at one day after date.    It was in proof, that in the month of November, 1843, Pearson, one of the plaintiffs, told the defendant, who was then insolvent, that if he would pay him twenty-five dollars in money, they would strike off even, and commence anew: the defendant then went into an adjoining room, and returned with the money, which he handed to Pearson.    Whilst defendant was out of the room to get the money, Pearson remarked to a person who was present, that it was all he would ever get any how, and that if he got that, he would be satisfied; and when defendant returned and handed him the money, he said to defendant, that they were even up to that time.    There was no evidence that any note was given up to defendant, but a witness testified that the settlement had reference to all the demands that Pearson held against the defendant.    The plaintiffs' counsel request-

ed the court to charge the jury, that if they believed the testimony, the payment of $25 by defendant to Pearson, one of the plaintiffs, was no satisfaction of their demand. This charge the court refused to give : but charged the jury, that if the defendant was really insolvent at the time, and Pearson, by this arrangement, obtained twenty-five dollars from him, when without the arrangement, he would have got nothing, then the payment of the twenty-five dollars would be a satisfaction, and in that event they must find for the defendant. To the refusal of the court to charge, as requested, and to the charge given, the plaintiffs excepted, and now assign them as error.

L. E. PARSONS, for plaintiffs.

The acceptance of a less sum, cannot be a satisfaction in law, of a greater sum *then* due. Fitch v. Sutton, 5 East, 230 ; 4 Gill & Johns. 305 ; 1 Str. 426 ; 2 Johns. 449 ; 20 ib. 78 ; 5 ib. 271; 9 ib. 323; 17 ib. 174; 2 Lit. 49; 4 ib. 242.

RICE & MORGAN, contra.

1. The consideration of the plaintiffs' agreement to take $25 in discharge of the debt, is shown by the proof, to have been Thomason's insolvency ; and the full expectation, on the part of the plaintiffs, that they would never get any thing but the $25 ; and for this reason the first charge was properly refused, and second charge was properly given. The first charge called upon the court to decide what the depositions proved. The charge was properly refused, because it put the whole case on the proof contained in the deposition.

2. An agreement to accept a smaller sum, in discharge of a larger demand, is *nudum pactum ;* but the acceptance of a smaller sum, or even an agreement to accept, a smaller sum, is good, in discharge of the debt, if there be any benefit, or even a legal possibility of benefit to the creditor thrown in ; that additional weight will turn the scale, and render the consideration sufficient to support the agreement ; as in this case—the insolvency of Thomason, at the time the $25 was taken. 2 Camp. 124, 383 ; 3 ib. 175 ; 11 East, 390 ; 2 Starkie, 417 ; 6 Ala. 619.

COLLIER, C. J.—The only question which it is neces-

sary to consider, is, whether, if a creditor say to his debtor, who is in insolvent circumstances, if he will pay a designated sum, not more than one-fifth of the debt, he would accept it in full satisfaction, and the debtor thereupon pay the sum named, can the creditor maintain an action against him for the recovery of the residue ?

In Steinman v. Magnus, 11 East's Reports, 390, Lord Ellenborough said, "It is true, that if a creditor simply agree to accept less from his debtor than his just demand, that will bind him : but if upon the faith of such an agreement, a third person be lured in to become surety for any part of the debt, on the ground that the party will be thereby discharged of the remainder of his debts ; and still more when in addition to that, other creditors have been lured in by the agreement, to relinquish their further demands, upon the same supposition, that makes all the difference in the case." He said it would be a mixed question of law and fact to go to the jury, whether after the plaintiffs had entered into the composition in conjunction with the other creditors, it were not a fraud upon those persons to endeavor to obtain a further payment from the defendant, whom they all proposed to liberate upon the terms of the agreement. All the cases cited for the plaintiff in error belong to the same class, and lay down the law in equivalent terms. See Fitch v. Sutton, 5 East's R. 230 ; Cockshott v. Bennett, 2 Term Rep. 763 ; Frise v. Randall, 6 ib. 146 ; Smith v. Stone and Mullikin, 4 Gill & J. Rep. 310; Bullen v. Gillicuddy, 2 Dana's Rep. 92; Russell v. Rogers, 10 Wend. Rep. 473. It is said to be well settled, that the payment of a less sum of money than the whole debt, *without a release,* is no satisfaction of the plaintiff's claim. And a mere agreement to accept less than the real debt is *nudum pactum.* Cumber v. Warn, 1 Stra. Rep. 426; Harrison v. Wilcox, 17 Johns. Rep. 169 ; Boyd v. Hitchcock, 20 Johns. Rep. 76 ; Geiser v. Kershner, 4 Gill & J. Rep. 305 ; Jones v. Bullitt, 2 Litt. Rep. 49 ; Allen v. Roosevelt, 14 Wend. Rep. 100 ; Fellows v. Stevens, 24 ib. 294. But an acceptance by a creditor of a less sum than the amount of his demand, in full satisfaction of the debt, if made before payment is due, or in the notes of a third person, it has been held will be a good discharge. Goodnow v. Smith, 18 Pick.

Rep. 314; Brooks v. White, 2 Metc. Rep. 283; Booth v. Smith, 3 Wend. Rep. 66; 3 Hawkes' Rep. 580; Jones v. Bullitt, 2 Litt. Rep. 49. So the acceptance of property in satisfaction of a pre-existing debt, irrespective of its value, will have the effect to extinguish it. This is affirmed by several of the authorities cited. See also, Blinn v. Chester, 5 Day's Rep. 360.

The fact of the defendant's insolvency, can have no influence in determining, whether the agreement of the plaintiffs to accept a less sum than the entire debt, in full satisfaction, was without consideration ; for whether he was insolvent or not, the obligation to pay was not impaired, and the moral duty remained in full force. If, instead of paying the money, the defendant had paid in property, or in a note or other security on a third person, or had delivered up to the plaintiff a note which he held on him for a smaller sum than the debt sought to be recovered, in either of these cases, we should be inclined to think the satisfaction complete. In the present case, it does not even appear that the note declared on was given up, but only that one of the plaintiffs agreed, when he received the money from the defendant, that the latter should not be required to pay any thing more. See Woolfolk v. McDowell, 9 Dana's Rep. 268. The authorities most conclusively show error in the ruling of the circuit court. Its judgment is consequently reversed, and the cause remanded.