## Norris *v.* Slaughter.

A mere promise to take part of a debt for the whole, is without considera-
tion and void.

A contract, merely executory, and without consideration, cannot be enfor-
ced; not even as a compromise for the settlement of a family difficulty.

A compromise must have been fairly and reasonably made in order to be
enforced.

In Equity. *Appeal from Lee District Court.*

*Opinion by* Greene, J.    Bill to enforce an agreement to
compromise and settle all disputes between the parties and
to stay proceedings at law.    In the answer, defendant
Slaughter admits that he obtained a judgment, execution
and levy against Norris, and that he married his daugh-
ter, but denies that he bound himself to receipt for or
satisfy the judgment; denies that he agreed to give com-
plainant a receipt for any amount, and denies the con-
tract set forth in the bill.    The answer admits that there
was some talk about a compromise and that the matter was
discussed in between defendant and one James Craig,
but postively denies that any contract was ever executed
or completed.    Decree below for complainant.

The depositions establish the fact that the compromise
referred to in the bill and answers, was not executed; that it
was a mere executory promise to release judgment upon con-
dition that a part was paid.    It appears that Slaughter had a
judgment against Norris for over $800; to satisfy which,
Norris was to give a note for $364, and settle some other
claims which would amount in all to about $600.    As Norris
in part performed his portion of the contract, it is claimed that
the court below was justified in rendering a decree against
defendant.    But it does not appear that Norris performed any
part before Slaughter refused to consummate the arrange-
ment.    Besides, Norris had done nothing which he could

not readily retrace or avoid. No new or additional benefit resulted to Slaughter from this executory contract. He derived from it no benefit to which he was not before entitled. No higher security or additional obligation was to be given; but a judgment was to be surrendered for a mere promissory note and promise to settle certain claims which in the aggregate amounted to considerably less than the judgment. Where then was the consideration for this executory agreement? Clearly there was none. The maxim then applies : *Ex nudo facto non oritur actio.*

The doctrine is well settled, that a mere promise to take part of a debt for the whole, is without consideration and void. This is universally true where such naked promise is merely executory; and it has been so held repeatedly where the promise is executed. 13 John. 353; 9 ib. 333; 5 ib. 391; 14 Wend. 100; 5 Pick. 44; 2 Dum. and East. 24, 27. Smith's Leading C. 326, 330.

We are not prepared to go to the extent of some of the New York cases in declaring an executed contract void for want of consideration. There is a wide distinction between contracts executed, and those which are merely executory. A mere promise to give B. $100 is void; but a gift executed to B. cannot be recalled. So, a promise to cancel a debt or satisfy a judgment of $800, upon the payment of $600, is the same as a promise to give $200, without consideration; but an executed release of the debt, or an executed satisfaction of the judgment upon a payment of the $600, may be regarded as an executed gift of the remaining $200, and therefore valid. By many of the authorities, even this distinction has not been recognized, and still we can see no good reason why it should not prevail.

But as the contract in the present case was merely executory, and was without consideration, it cannot be enforced. As this principle has already been adjudicated by this court *Frentress* v. *Markle*; 2 G. Greene, 553, it is useless to enlarge upon it now.

---

The compromise in this case, it is contended, presents peculiar claims, for the interposing sanction of equity, because it is for the settlement of a family difficulty. In such a case, courts of equity will doubtless go further to sustain a compromise, than they would under ordinary circumstances ; but even in a family compromise, a chancellor will not do violence to an established rule of law ; he will not enforce an executory promise made without consideration. Such a compromise must have been "fairly and reasonably made " in order to be enforced. 1 Story's Equity, § 132. It must have been made. It must have been fair and reasonable. But in the present case, the compromise was not made, it was only commenced ; it was not fair and reasonable, because it was without consideration.

We conclude then, that the equities of the case do not justify the decree rendered in the district court.

Decree reversed.

C. Mason and J. C. Hall, for appellant.

Geo. C. Dixon and D. Rorer, for appellee.