*McKee, Hopper, Donham, Foraker, for appellee.*

---

## A. M. Robbins *v.* J. T. Spurgin.

**Accord and Satisfaction—Paying Less Than Amount Due.**

Where from all the facts it appears that defendant was bound to pay plaintiff a certain sum past due and that plaintiff was entitled to receive that amount, an agreement to take a less sum is without consideration, and is not a bar to an action for the remainder, there being no circumstances to serve as a consideration for the agreement.

### APPEAL FROM HENRY CIRCUIT COURT.

December 18, 1873.

OPINION BY JUDGE PETERS:

Appellee, in his answer, admits he purchased the land of appellant at the price and on the payments set forth in the petition. He says of the deferred payments, he paid off the note which first matured "at its face;" and he also says he "has paid off, discharged and taken up the last named note," and that it is true he did not pay the full amount of the last named note, but that he paid thereon about nine hundred sixty dollars to the plaintiff about the — day of February, 1869, and that the plaintiff then accepted said sum, so paid, in full satisfaction and discharge of said last named note, and delivered said note to defendant; and defendant does not now,

and has not since, for two years and five months before the bringing of this suit, owed the plaintiff any sum whatever on said land. The foregoing is the substance of the defense made by appellee.

It is a well settled principle that the payment by the debtor to his creditor of a less sum than is due is not a good defense as payment; nor is it a good plea of accord and satisfaction. In this case, it is not alleged in the answer that the money was paid before it was due, nor that it was paid at a different place from that at which appellee was bound to make payment, nor that a less sum was paid, as a compromise of a controversy about the location of one of the lines of the tract of land, for a part of the price of which the note was given. But the only defense is that in satisfaction of his note for $1,117.68, over due, appellant agreed to take and did take in discharge and satisfaction thereof, $960. From all that appears in the answer, appellee was bound to pay the whole amount of the note, and appellant was entitled to receive the whole of it; and an agreement to take a less sum was without consideration, and presented no bar to the action.

*Fenwick v. Phillips,* 3 Met. 88; *Jones v. Bullitt,* 2 Littell 49; *Williams v. Langford,* 15 B. Mon. 566.

As the answer failed to state the facts which would constitute sufficient consideration for the agreement to take a less sum than was shown to be due by the note, it presented no defense, and appellant was not entitled to a judgment for the amount he claimed in his petition.

Wherefore, the judgment is reversed, and the cause is remanded for further proceedings consistent herewith.

*Robbins, DeHaven, Carroll, for appellant.*

*Rodman, Montfort, for appellee.*