# Hodges *v.* Tennessee Implement Co.

*Action on a Promissory Note.*

1. *Payment; bank check as receipt; intent of parties must govern.* The receipt by a creditor of his debtor's check for a part of the sum due on a note, but which purports to be in full payment of said note, and the indorsement and collection of said check by the creditor, and the retention by him of its proceeds as a credit on said note, do not constitute a payment or receipt in full within the meaning of the statute providing that all receipts "must have effect according to the intention of the parties thereto," (Code, § 1805), where it is shown that the creditor refused to accept the amount of the check in full payment, but indorsed and collected it only as a part payment of the note and entered its proceeds as a credit on said note; and such transaction does not constitute a bar to a subsequent action by said creditor for the balance of the debt evidenced by the note.

APPEAL from the Circuit Court of St. Clair. Tried before the Hon. GEORGE E. BREWER.

This was an action brought by the appellee, the Tennessee Implement Company, against the appellant, T. J. Hodges; and counted on a promissory note for $96.30, given by the defendant to the plaintiff. The defendant pleaded the general issue, payment, and accord and satisfaction. Upon these pleas issue was joined.

On the trial of the case it was shown by the evidence for the plaintiff that there had been paid on the note two payments, which were entered as credits on said note. These payments aggregated twenty-five per cent of the face value of the note.

There was introduced in evidence a check on the First National Bank of Birmingham, for the sum of nine dollars and thirty cents, which was the amount of the second credit entered on said note, and this check was as follows: "Pay to the order of Tennessee Implement Company nine 30-100 dollars in full of claim against T. J. Hodges." This check was dated July 16, 1897, and the stamp on its face showed that it was paid by the First National Bank of Birmingham on July 20, 1897.

The president of the plaintiff company testified that the check was received in regular mail and applied by the plaintiff as a credit on the indebtedness of T. J. Hodges as evidenced by the note sued on; that the plaintiff promptly notified the defendant by letter, dated July 21, 1897, that the plaintiff would not accept the check except as a credit on the defendant's indebtedness, and that said check was so used and appropriated by the plaintiff. The defendant excepted to this testimony, on the ground that it sought to vary by parol the written contract of agreement between the parties. The court overruled this objection, and the defendant duly excepted.

The defendant testified as a witness in his own behalf that after he had contracted the indebtedness to the plaintiff, he failed in his mercantile business, and made an assignment; that in the administration of the trusts by the assignees they had paid the defendant's creditors 15 per cent. of their claim; that after the settlement by the assignees, the defendant borrowed money and made

the proposition to his creditors to pay the additional 10 per cent. of their claim in settlement and discharge of their demands against the defendant. That all of the creditors except the plaintiff and one other accepted the proposition, and that said check was sent to the plaintiff for this purpose.

Upon the introduction of all the evidence, the court, at the request of the plaintiff, gave to the jury the general affirmative charge in its behalf; and to the giving of this charge the defendant duly excepted.

There were verdict and judgment for the plaintiff. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

INZER & GREENE, for appellant, cited Code of 1896, §§ 1805, 1806; *Bank v. Passmore*, 102 Ala. 307; *Carroll v. Corbitt*, 57 Ala. 579; *Cowan v. Sapp*, 74 Ala. 44, s. c. 81 Ala. 525; *Cleeve v. Cleeve*, 82 Ala. 581; *Pearson v. Thomason*, 15 Ala. 700; *Hart v. Freeman*, 42 Ala. 567; *Motley v. Motley*, 45 Ala. 555; *Singleton v. Thomas*, 73 Ala. 205.

WILLIAM H. CATHER, contra.—The check sent by appellant was not a contract; it was wanting in mutuality, in consideration; and though it were a receipt in full it was open to parol testimony, even though it contained a contract.—*Wyland v. Mosely*, 5 Ala. 430; *Kirksey v. Bates*, 1 Ala. 303; *Cowan v. Sapp*, 74 Ala. 44; *Hildreth v. O'Brien*, 10 Allen, 104; *Tucker v. Baldwin*, 33 Amer. Dec. 384.

The acceptance of part of a debt or demand is not an extinguishment of it, nor a waiver of the right to insist upon full payment; and this is the case even though the creditor sign a receipt "in full satisfaction of all demands."—*Holloway v. Talbot*, 70 Ala. 389; *American Bridge Co. v. Murphy*, 13 Kan. 35; 7 Wait's Act & Def. 445; *St. L. &c. Co. v. Davis*, 35 Kan. 464, 11 Pac. 421; *Tucker v. Murray*, 2 Pa. Dist. Rep. 497; *Bowden v. Robinson*, 23 S W. Rep. 816; *Leeson v. Anderson*, 58 N. W. Rep. 72; *Conway v. Barber*, 27 N. Y. S. 136; *Pear-*

*son v. Fant,* 15 Ala. 700; *University v. Walden,* 15 Ala.
655; *Burkham v. Mastin,* 54 Ala. 126; *Robinson v. Bul-
lock,* 66 Ala. 548; *Steiner v. Ballard,* 42 Ala. 153; *Bras-
well v. Williams,* 51 Ala. 349; *Singleton v. Thomas,* 73
Ala. 205; *Robinson v. Murphy,* 69 Ala. 541; *Westmore-
land v. Porter,* 75 Ala. 452; *Moring v. Ins Co.,* 27 Ala.
254; *Barron v. Vandervert,* 13 Ala. 232.

MCCLELLAN, C. J.—It was held in the case of *Pear-
son & Fant v. Thomason,* 15 Ala. 700, that "if a creditor
agrees with his debtor to accept in discharge of the debt
a less sum in *money* than the debtor owes, on an overdue
note, and the latter pays the sum of money so agreed,
but the note is not delivered up, it is a *nude pact,* and
cannot bar a recovery of the balance due on the note."
And it could have made no difference had the creditor
evidenced this agreement and its execution by giving the
debtor a receipt for the less sum and specifying therein
that it was received in full satisfaction of the note. As
the law then stood the agreement would have been
wholly inoperative for the want of consideration, and
the receipt would not have aided the transaction though
both parties may have intended full satisfaction of the
debt, and the receipt may have been executed by the
creditor and taken by the debtor as evidence of such
intended consummation. If the law as thus expounded
in *Pearson & Fant v. Thomason, supra, Barron v. Van-
dervert,* 13 Ala. 232, and other of our early cases were
the law at this time, it is altogether clear that the receipt
by the Tennessee Implement Company of Hodges' check
for a part of the sum due on his note to the company
but purporting to be in full payment of said note, and
the collection of said check by the company and reten-
tion to this day and appropriation by it of the proceeds
of the check, would not constitute payment and satisfac-
tion of the debt in full, even had both parties so intended
it, and a receipt had been passed evidencing such in-
tention. It would be a *nudum pactum* and constitute
no bar to a subsequent action for the balance of the debt,
the note not having been surrendered. That is the law
today, with this exception, that by virtue of the statute
now of force, "all receipts, releases and discharges in

[Hodges v. Tennessee Implement Co.]

writing, whether of a debt of record, or a contract under seal, or otherwise, must have effect according to the intention of the parties thereto."—Code, § 1805. Whatever operation is to be accorded to this statute, nothing can be plainer than that it can have no effect in respect of even an expressed receipt not intended to operate as such by the parties thereto, and, *a fortiori*, no effect by way of converting the indorsement by the creditor of such a check into a receipt in full by implication and giving it effect as such when the indorsement was made only for the purpose of collecting the check as a partial payment on the note and without any intention whatever that the indorsement should operate as a receipt in full. That is the case we have here. The statute in question does not apply to it. In respect of it the law is now as it was declared in *Pearson & Funt v. Thomason, supra;* and the fact that the plaintiff indorsed and collected the check and kept and applied its proceeds to the note *pro tanto* constitutes no defense to this action for the balance evidenced in the note. It is shown without conflict in the evidence and by competent evidence and beyond a contrary inference that the plaintiff expressly refused to receive the amount set down in the check in full payment before the check was sent to it, and that on the receipt of the check the company, acting upon its right to the amount for which it was drawn from the defendant as a part payment on the note, at once informed the defendant again that it would not accept that sum in satisfaction, but would collect the check and enter its proceeds as a credit on the note. And on this, the case being proved in all other respects, the trial court properly gave the affirmative charge for the plaintiff.

Affirmed.