# Looney v. Jackson County.

*Action of Assumpsit against a County.*

1. *Action against a county; acceptance of sum allowed by commissioners' court bars the action.*—Where a person, who has a claim against a county presents it to the court of county commissioners to be audited and allowed, and upon the commissioners' court reducing the claim and making an allowance for the sum to which it was reduced, he accepts such sum, but not in full payment of his claim, and brings an action against the county for the balance, he can not maintain such action, since under the statute (Code, § 2574) the acceptance of the sum allowed is a bar to the maintenance of said suit against the county.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. JOHN B. TALLY.

This was an action of assumpsit, brought by the appellant, Mike E. Looney, against Jackson county. The ground of the plaintiff's claim and the facts in reference to the presentation of such to the court of county commissioners are sufficiently stated in the opinion. Among the other pleas which were filed by the defendant was the following: "That said claim was presented to the court of county commissioners and said court reduced said claim to the sum of three hundred dollars, and allowed thereon said sum of three hundred dollars, which sum was accepted by the plaintiff, and the defendant pleads said allowance and payment in bar of this suit." Issue was joined on this plea. There were many rulings of the court upon the pleadings, which presented the question discussed in the opinion, but it is deemed unnecesary to set out these rulings in detail.

There was judgment for the defendant. Plaintiff appeals, and assigns as error the rulings of the trial court upon the pleadings and the rendition of the judgment for the defendant.

J. E. BROWN, for appellant.

MARTIN & BOULDIN, *contra*.

[Looney v. Jackson County.]

BRICKELL, C. J.—The action was instituted by the appellant, who was the tax assessor of the county of Jackson in and for the year 1890, to recover the sum of one thousand dollars, as compensation, for the preparation of a book in accordance with the act approved February 28, 1889, (Pamph. Acts 1888-89, p. 138), containing lists of the lands in the county. The sixth section of the act reads : "That for the services rendered by the tax assessor under the provisions of this act, the court of county commissioners shall allow him a reasonable compensation." The appellant claiming one thousand dollars as reasonable compensation presented a claim to the court of commissioners for that sum, but the court deeming three hundred dollars reasonable compensation made an allowance of that sum, refusing a larger allowance. The appellant received that sum, but as is averred in the complaint not in full payment, and now sues to recover further compensation. The primary and decisive question as the case is presented is, whether the action is not barred by the appellant's acceptance of the sum which was allowed by the court of commissioners.

The liability of counties to suit, is strictly statutory. Prior to the Code of 1852, there was no statute subjecting them to suit, and the only remedy for the enforcement of claims against them, was by *mandamus* to the court of county commissioners.—*Tarver v. Commissioners Court*, 17 Ala. 527. The Code of 1852, as has all the statutory revisions since, declared a county a body corporate, with power to sue and be sued. But this was, and is accompanied by a statutory inhibition, which as found in the present Code, section 2574, reads : "Suit must not be brought against a county until the claim has been presented to the court of county commissioners, and disallowed or reduced by the court, and the reduction refused by the claimant." Statutory remedies must be taken and accepted, as the statute may bound and circumscribe them. By the common law; the acceptance by a creditor of a less sum than is justly due him is not a waiver of or a bar to the right to recover all that may be due. The statute deprives the rule of all application to claims against a county which the commissioners court may reduce, or allow only in part. The acceptance of the sum allowed is a bar to a suit

against the county. If the claimant is unwilling to accept the allowance as full payment he must refuse it absolutely. There is no right reserved or secured to him to accept it as partial payment only.

The plaintiff having received the sum allowed by the court of commissioners, can not maintain the action, and the judgment of the circuit court must be affirmed.