# Norton *v.* Clayton Hardware Co.

*Assumpsit.*

(Decided March 2, 1907. 43 So. Rep. 185.)

1. *Compromise and Settlement; Composition in Writing.*—A creditor wrote his debtor offering, after being forced into bankruptcy, fifteen per cent in full settlement of his claim, which offer was accepted, the creditor instructing the bank, to whom the claim had been sent, to receive fifteen per cent in settle-

[Norton v. Clayton Hardware Co.]

ment; and the debtor sending check to the bank for that amount, the bank collected check, and marked claim paid. Held, that it was a composition of the debt in writing, and binding under Section 1806, Code 1896.

2. *Same; Fraudulent Representations.*—The debtor wrote a creditor offering fifteen per cent in full settlement of the claim, stating that he was making same offer to all his creditors, which was a fact. The creditor accepted the offer. Held, a valid composition with that creditor, although some creditors insisted on a larger dividend and got it.

APPEAL from Barbour Circuit Court.

Heard before Hon. A. A. EVANS.

Action by the Clayton Hardware Company against J. H. Norton. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

A. A. McDONALD, for appellant.—The facts in this case bring the settlement clearly within sections 1805-1806, Code 1896.

T. M. PATTERSON, for appelle.—The check offered in evidence cannot be taken to show a settlement of the account in full.—*Hodges v. Tennessee Implement Company*, 123 Ala. 572. In a composition there is an implied agreement that all should share alike.—8 Cyc. pp. 468 and 476. In any event the facts show that the composition was obtained by fraud or misrepresentation.—*Cleere v. Cleere*, 82 Ala. 581; *Cowan v. Sapp*, 74 Ala. 44.

SIMPSON, J.—This was a suit by appellee against the appellant on an account, and the defense interposed was that said plaintiff had agreed with defendant to accept 15 per cent. of the claim in full satisfaction, which amount said defendant paid. Said composition was made by letter. The letters were not produced; the witness (defendant) stating that they had been destroyed and testifying to the contents of them, to-wit, that he wrote to plaintiff, after being forced into bankruptcy, offering to pay 15 per cent. in full settlement of the indebtedness, and defendant replied, accepting the offer, and he sent them a check for that amount, which

check was paid. The cashier of the bank also testified that the claim was sent to his bank for collection by the plaintiff; that he received a letter from the plaintiff, instructing him to receive the 15 per cent. in full satisfaction of the claim; and that, when the check came in, he stamped the account "Paid." If this testimony was true, the facts related constituted a composition of the debt, and the plaintiff could not recover.—Code 1896, § 1806; *Singleton, Hunt & Co. v. Thomas*, 73 Ala. 205.

One of the partners of the firm constituting the Clayton Hardware Company, the appellee, says that, while he did send the claim to the bank for collection, he does not recollect writing the letter authorizing the composition of the debt. But the appellee claims that, even admitting the truth of the plaintiff's testimony, the agreement was entered into with the understanding that the same settlement was to be made with each of the other creditors of the defendant. We find no such stipulation in the evidence. The only thing that was said about other creditors was that, in the letter by which the defendant offered the 15 per cent. compromise, he stated that "he was making that offer to every one." So, if some of them did insist on having more, and got it, that would not affect the validity of the agreement by which the claim of the plaintiff against the defendant was settled. It follows that the court erred in giving the general charge in favor of the plaintiff.

The judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.