# Calhoun County v. Watson.

## Suit to Recover Ex Officio Services.

(Decided July 2, 1907. 44 South. 702.)

1. *Clerks of Courts; Fees; Right to Recover.*—The clerk of a circuit court may recover in a suit against the county, for ex officio services or the value thereof, not to exceed the maximum fixed by the statute, upon a compliance with section 13 of the Code of 1896; and this under the express provisions of section 1363, Code 1896, notwithstanding the provisions of section 1362.

2. *Counties; Claims.*—Where the complaint averred the amount allowed by the commissioner's court, it was not error to overrule a demurrer thereto for a failure to allege what amount was allowed and refused, although the complaint may be demurrable for failure

to aver that the reduction made by the commissioner's court had been refused.

3. *Clerks of Court; Ex Officio Services; What Within.*—The clerk of a circuit court is not entitled to compensation for attending court or for keeping the minutes of the court as ex officio services.

4. *Same.*—Every service required of the circuit clerk, to be by law performed for which no fee or charge is specified, or that cannot be legally charged to either party to a cause as costs, is ex officio service for which the clerk is entitled to compensation from the county.

5. *Jury; Competency; Discretion of Court.*—It was within the discretion of the trial court, under section 5020, Code 1896, to excuse for cause jurors in the service or employment of the court of county commissioners, in an action by the clerk for ex officio services against the county.

APEAL from Calhoun Circuit Court.

Heard before Hon. JOHN PELHAM.

Action by I. E. Watson, clerk of the Calhoun county circuit court, against Calhoun county. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

This is an action by I. E. Watson, clerk of the circuit court of Calhoun county, against the county, to recover for ex officio services alleged to have been performed for the county for the second half of the year 1905 as clerk of the said circuit court. It is averred that said account was itemized and sworn to by plaintiff, and was presented to the commissioners' court of said county for allowance, and was reduced by said court to $82.25, and plaintiff refused said reduction. It is then averred that the amount sought to be recovered is a fair and reasonable value for performing said ex officio services for said part of said year. The second count is as follows: "Plaintiff claims of the defendant the further sum of $175, due to the plaintiff from the defendant for services performed by the plaintiff for the defendant during the second half of the year 1905, and the plaintiff avers that during the said second half of the year 1905 he was clerk of the cir-

cuit court of said county of Calhoun, and that said sum
is due him for performing as such clerk official duty not
otherwise provided for. Said account was itemized and
sworn to by plaintiff, and presented to the commission-
ers' court of said county, and the same was by said court
reduced to $82.25." It is then alleged that that amount
is a fair and reasonable price for the services. What is
said about the demurrers to the complaint in the opinion
of the court is deemed sufficient. The plaintiff was al-
lowed to prove over the objection of the defendant that
he attended court 13 days, and that a reasonable price
for such service was $2 per day.

The oral charge of the court excepted to was as fol-
lows: "When you take into consideration the evidence
as to what the Code allows for performing such serv-
ices." The following charges were given at the request
of the plaintiff: (1) "The court charges the jury that
every service the plaintiff by law is required to perform,
and for which no fee or charge is specified, or that cannot
be legally charged to either the plaintiff or defendant in
any cause before the court, is an ex officio service, for
which the plaintiff is entitled to a fair and reasonable
compensation, to be paid by the county." (2) "The
court charges the jury that the plaintiff is entitled un-
der the law to a fair and reasonable compensation for all
ex officio service performed by him, which is required
by law to be performed, not only such an amount as the
commissioners' court may determine the plaintiff to be
entitled to receive, but the plaintiff is entitled to receive
such an amount as the jury may determine from the evi-
dence in this case, not to exceed the amount claimed
in plaintiff's complaint." (13) "Whatever the proof
shows the plaintiff's services, for which he is entitled
to charge in this case, are reasonably worth, it is the
duty of the jury to allow, regardless of the amount that

the commissioners may have allowed the plaintiff for said services." There was judgment. for plaintiff. and defendant appeals.

KNOX, ACKER & BLACKMON, for appellant. The amount to be allowed the clerk for ex officio services rests in the sound discretion of the commissioners' court and cannot be reviewed.—Sections 1363-1371 and 1372, Code 1896; *Chase v. County of Saratoga*, 33 Barb. 603; *Naylor v. Board of Gray County*, 61 Pac. 763; *Staples v. Llano*, 28 S. W. 569. The 2nd count did not state a cause of action and the demurrer thereto should have been sustained or the affirmative charge given.— Section 13, Code 1896; *Looney v. Jackson County*, 105 Ala. 597; *Shinbone v. Randolph County*, 56 Ala. 183; *Shroeder v. Colbert County*, 66 Ala. 137; *Marshall County v. Jackson County*, 36 Ala. 613. The circuit court erred in its rulings on the testimony as to what services constitute ex officio services, and also erred in this respect in the charge to the jury.—30 A. & E. Ency. of Law, 1242; *Abercrombie v. Vandiver*, 126 Ala. 532. The court erred in excusing the juror for cause.—*Danzey v. The State*, 126 Ala. 15.

TATE & WALKER, for appellee. The commissioner's court act in an administrative and not a judicial capacity in passing upon the account of a circuit clerk for ex officio services.—*Bard v. Barbour*, 53 Ala. 539; *Clerk v. Clark*, 60 Ala. 271; *Jefferson Publishing Co. v. Hilliard*, 105 Ala. 576; *State v. Rogers*, 107 Ala. 456. Plaintiff complied with the requirements of section 13 of the Code of 1896, and was entitled to maintain the suit.— *Marshall County v. Jackson County*, 36 Ala. 613; *Barbour v. Horn*, 41 Ala. 114; *Jack v. Moore*, 66 Ala. 184. Mandamus is not the proper way to reach it—a suit is.

—*Scarbrough v. Watson,* 140 Ala. 349; *Marengo County v. Lyle,* 101 Ala. 423. Section 1372, and Section 1877 are in conflict and the latter section being of a later date will prevail.—*St. Clair County v. Smith,* 112 Ala. 347; *Cahall v. C. M. B. Assn.* 61 Ala. 232; *Watson v. Kent,* 78 Ala. 602; *Parker v. Hubbard,* 64 Ala. 203. The jurors challenged for cause were in the employ of the commissioners' court and the court properly permitted the challenge.—*Barden v. The State,* 40 South. 948; *Plant v. The State,* 133 Ala. 112; *Williamson v. The State,* 117 Ala. 258; *Carr v. The State,* 104 Ala. 4; *Brasselton v. The State,* 66 Ala. 96.

ANDERSON, J.—It appears that section 1372 of the Code of 1896, in providing for ex officio services for circuit clerks, says: "Such sum as may be allowed by the court of county commissioners, not exceeding per annum $200"—making an exception as to the amount to the extent of $500 for Calhoun and a few other counties. If this section stood alone and controlled in the case at bar, it might be that the sum to be allowed would be discretionary with the commissioners' court in so far as it did not exceed the maximum. But section 1363 of the same Code, in providing for the presentation and allowance of claims for ex officio services, says: "The compensation allowed shall be the fair and reasonable value of the services, in no case to exceed two hundred dollars per annum, unless otherwise provided by law." There is an apparent conflict between these two sections; for one leaves the sum to be allowed to the discretion of the commissioners' court, while the other requires them to allow such compensation as is the fair and reasonable value for said services. In tracing the history of these two sections, we find that section 1363 is of more recent enactment, and must be construed to modify and amend

section 1372, so far as there may be any necessary conflict or incongruity between the two sections.—*Gunter v. State*, 83 Ala. 96, 3 South. 600; *Steele v. State*, 61 Ala. 213; *Zaner v. State*, 90 Ala. 651, 8 South. 698. The quotation from section 1372 of the Code of 1896 was contained in the Code of 1852 as section 3043, and was continuously brought down to the code of 1896, while section 1363 appears for the first time in the Code of 1876 as section 5025, and was amended before getting into the Code of 1896. The plaintiff, therefore, had the right to sue the county for his ex officio services, and to recover such sum as was fair and reasonable compensation for same, not to exceed the maximum, upon averment and proof of a compliance with section 13 of the Code of 1896.—*Shinbone v. Randolph County*, 56 Ala. 183; *Schroeder v. Colbert County*, 66 Ala. 137. The demurrer proceeding upon the idea that plaintiff could not maintain this suit was properly overruled. The authorities cited by counsel for appellant would doubtless apply if section 1372 stood alone or controlled in the case at bar, but have no application to section 1363, which must control.

The second count of the complaint may be bad for failing to aver that the reduction had been refused.—Code 1896, § 13; *Looney v. Jackson County*, 105 Ala. 597, 17 South. 105. But this omission was not properly raised by the demurrer. The ninth ground attempts to point out the defect, but it complains of a failure to allege what amount was allowed and refused. The complaint does aver what amount was allowed, and we cannot put the trial court in error for overruling this demurrer.

The trial court erred in permitting the plaintiff to prove the item charged for attending court. The law requires the clerk to attend during the session of court. Indeed, the circuit court without the clerk would be like

the play of "Hamlet" without the ghost; but he is in effect paid either under the fee bill or through the items he has charged for as ex officio services. Nor is he entitled to anything for keeping the minutes, as that is but an incident to the discharge of the duties for which he is already compensated by the fee bill. The trial court did not err in permitting proof of the other items of the account, nor in so much of the oral charge as was excepted to by the appellant.

There was no error in giving chage 1, requested by the plaintiff. It makes no service an ex officio charge, unless it was for the performance of some duty required by law, and then only in case no fee was specified, and upon the further condition that it could not be taxed as cost against any plaintiff or defendant. There was no error in giving charges 2 and 13, requested by the plaintiff. They are fully discussed in the first part of the opinion.

The purpose of the law is to afford fair and impartial trials to all litigants, which can only be accomplished by absolutely unbiased juries, and trial judges cannot be too zealous in ridding the jury of men whose interest and environment is calculated to sway them in the slightest degree. The fact that the jurors excused by the court were employed by the commissioners may be but a slight incentive for bias, yet it was the action of the commissioners that was being assailed by this suit, and we think the action of the court was authorized by section 5020 of the Code of 1896. This section gives the trial judge much discretion in excusing jurors for reasonable and proper cause, and we are inclined to commend, rather than criticise, the action of the trial judge in excluding these jurors.

[Calhoun County v. Watson.]

For the errors above designated, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL, and McCLELLAN, JJ., concur.

## On Rehearing.

ANDERSON, J.—It is insisted by counsel, in brief upon rehearing, that inasmch as the law requires the clerk to attend court, and as the fee bill makes no provision for compensating him for so attending, he should be paid a per diem by way of ex officio service. We think the purpose of the law is to pay the clerk for every act he is required to perform, and, where he is required to do things not covered by the fee bill, that it would come in in the nature of a change for ex officio service. But to permit the clerk to charge for discharging a duty, whether under the fee bill or by way of an ex officio charge, and at the same time charge the county for the time consumed by him in the discharge of said act or acts, would, in effect, be allowing him double compensation. For instance: We find upon appellee's account items charged and allowed which were for services that could have been rendered only in open court and while he was in attendance: "Swearing in four regular juries; swearing in foreman, grand jury, and bailiff." While this service could only be performed by the clerk while attending court, and notwithstanding he gets compensation for the rendition of same, a per diem allowance would necessarily be allowing him pay for the time consumed by him in earning fees already allowed. There are other items on appellee's account which

36 R

[Alabama Lumber Co. v. Cross.]

doubtless were or could well have been earned by him while attending court: "Issuing special venire, bailiff certificates, and witness certificates."

It is also argued that the clerks are discriminated against because sheriffs and bailiffs get pay for attending court. This is an argument to be addressed to the Legislature, and not the courts. The statute expressly provides for sheriffs and bailiffs, and makes no such provision for clerks, and clerks were doubtless omitted for the very reason that the Legislature realized that they were or could be compensated for every act they did while attending court, either under the fee bill or the ex officio clause, and that to pay them a per diem for attending court would, in effect, be paying them twice for the same thing.