# Brackin v. Owens Horse & Mule Co.

### Bill to Foreclose Mortgage.

#### (Decided February 10, 1916. 71 South. 97.)

1. **Appeal and Error; Change of Theory.**—Where the bill was to foreclose a mortgage, and the only contention of the respondent was that the note and mortgage had been altered, and the amounts thereof increased, and the complainant went into that contention, complainant cannot be heard to here urge on appeal that such evidence was improperly admitted because the answer, which was not sworn to, was not sufficient to put in issue the execution of the note and mortgage.

2. **Compromise and Settlement; Acceptance.**—Where defendant had purchased the mule from complainant, and had given a note and mortgage to secure the purchase price, and afterwards wrote complainant that the amount of the note and mortgage had been fraudulently increased, and enclosed a check for the amount that he contended was the agreed price, stating that he would pay no more, complainant, by accepting and cashing said check, waived any right to claim an additional amount, notwithstanding the rule that the payment of a less sum than the real debt would be no satisfaction of a larger sum where the claim is undisputed; there being a bona fide dispute in this case.

APPEAL from Henry Chancery Court.

Heard before Hon. W. R. CHAPMAN.

Bill by the Owens Horse & Mule Company against S. R. Brackin, to foreclose a mortgage. Decree for complainant, and respondent appeals. Reversed and rendered.

D. C. HALSTEAD, for appellant. ESPY & FARMER, for appellee.

MAYFIELD, J.—This is a bill to foreclose a mortgage. The bill alleges the mortgage, to have been given to secure the purchase price of one mule sold by the mortgagee to the mortgagor, and that the price of the mule was $290, as evidenced by a note

and the mortgage sought to be foreclosed. The bill also alleges the payment of $190 on the note and mortgage debt before the filing of the bill.

The answer, in short, admits the sale of the mule, and the execution of the note and mortgage, but denies that the price was $290, alleging that it was, instead, $190, and that this amount was paid as stated. The answer also alleges that the note and mortgage were not for $290, but were for $190. The note and mortgage, on their face, bear evidence of alterations, changing the amount due from $190 to $290. Complainant's evidence tends to show that the change was made before the signing by respondent; while the respondent's evidence tends to show that the change was made after the execution of the papers. So the disputed questions were the purchase price of the mule, and the alteration of the note and mortgage; that is whether the alteration was made after the execution thereof.

There is no pretense that there was any consideration for the note and mortgage, other than the mule, and no dispute that the alteration was made. The evidence is in sharp conflict as to both these issues. The chancellor found in favor of complainant, and granted the relief prayed. After carefully examining all the proof in the case, and without indulging any presumption in favor of the ruling of the chancellor in consonance with the statute, we are of the opinion that the chancellor erred in his conclusion and in granting the relief prayed.

(1) It is insisted by appellee, and there is some intimation in the opinion of the chancellor to the same effect, that the respondent's evidence did not correspond with his allegations, and that, if the theory of his evidence be accepted, it was at variance with his allegations, and therefore was not availing. We cannot agree to this conclusion. While the bill and the answer are both very short, they are each to the point, and clearly set up the issues on which the case was tried. While the answer was not sworn to, and was therefore not sufficient to put in issue the execution of the note and mortgage under our statute, no objection or exception was taken to the answer on this account; and the complainant went into the alteration of the papers. Moreover, as we have above pointed out, there was, and is here, no contention that there was any consideration for the note or mortgage other than the sale of the mule, and this contest is between the parties to the note and mortgage; and the complainant assumed

[Brackin v. Owens Horse & Mule Co.]

the burden, both in his bill and in the proof, to show the true consideration of the note, which is conceded to be the purchase price of the mule.

The pleadings and proof leave no doubt that there was a dispute between the parties as to the purchase price of the mule, and therefore as to the consideration of the note, and the amount of the indebtedness due from respondent to complainant. In view of this dispute, respondent paid the complainant $190, the amount he claimed to be due, and paid in on condition only that complainant accept it in full discharge of the indebtedness, in payment of the note and mortgage. The complainant accepted the $190, but declined to treat it as payment in full, treating it only as payment pro tanto.

(2) The true rule was stated by this court, with authorities, Weakley, C. J., writing, in the case of *Hand Lumber Co. v. Hall,* 147 Ala. 563, 564, 41 South. 79 : " 'The rule that the payment·of a less sum than the real debt will be no satisfaction of a larger sum without a release by deed applies only to conceded or undisputed demands. Where the claims are in dispute, the compromise and part payment thereof are sufficient consideration to support the discharge.'—24 A. & E. Enc. of Law (2d Ed.) p. 288. The cases of *Barron·v. Vandvert,* 13 Ala. 232; *Pearson v. Thomason,* 15 Ala. 700, 50 Am. Dec. 159, and *Hodges v. Tenn. Implement Co.,* 123 Am. 573, 26 South. 490, each involved an indebtedness by note, and in those cases there was no dispute as to the existence of the indebtedness as evidenced by the written obligations. In each of them the holding was that on part payment of the debt, without surrender of the note, the agreement by the creditor to accept in discharge of the debt a less sum in money than the debtor owed was a nude pact, constituting no bar to a recovery of the balance. Those cases, therefore, do not at all conflict with the settled rule above announced, and which has also been thus stated: 'When a claim is unliquiated or in dispute, payment and acceptance of a less sum than claimed in satisfaction operates as an accord and satisfaction, as the rule that the receiving of a part of the debt due, under an agreement that the same shall be in full satisfaction, is no bar to an action to recover the balance, does not apply when the plaintiff's claim is disputed or unliquidated. In such case the concession made by one is a good consideration for the concession made by the other. The fact that the creditor was not legally bound to make any

abatement of his claim, or that the amount accepted was much less than the creditor was entitled to receive and would have recovered had he brought action, does not in any way affect the rule.'—1 Cyc. 229."

While there is a note in this case, it was in dispute whether it evidenced the debt except as to $190. One hundred dollars of the indebtedness was in dispute, as much as if there was a separate note evidencing it, and, of course, a court of chancery would not enforce the note, as between the parties to it, except there was a consideration for it. Where there is no dispute as to the amount due, the debtor has no right to ask the creditor to accept less than is due in settlement; and, if the creditor does accept a less amount, and agree not to collect the balance, the agreement is void because not supported by a consideration. But, where there is a dispute as to the amount, and the debtor pays all that he claims is due, and the creditor accepts it in discharge of his claim, there is a consideration.

The payment of the $190 was made on the following facts and stated conditions: Respondent sent plaintiff a check for $190, on its face reading: "Headland, Ala., March 20, 1914. The Farmers' & Merchants' Bank 61-203: Pay to the order of J. G. Owens $190.00, one hundred ninety and no-100 dollars, in full payment of purchase price of mule bought from you on the 22 Jan., 1914. S. R. Brackin. Paid March 26, 1914. Farmers' & Merchants' Bank."

This check was sent in a letter as follows::

"March 20, 1914.

"Mr. J. G. Owens, Dothan, Ala.—Dear Sir: I inclose herewith my check for one hundred and ninety ($190.00) dollars, in full payment of my note executed to you on or about the 22 day of Jan., 1914, for the sum of one hundred and ninety ($190.00) dollars for the purchase price of the mule bought from you on that date.

"Return this check to me at once at Headland, Ala., if same is not accepted in full payment of this said note.

"Yours truly."

And it was preceded by a letter as follows:

February 26, 1914.

"Mr. J. G. Owens, Dothan, Ala.—Dear Sir: In reply to yours of the 20th inst., will say that you know as well as I do that the note which Cotton fixed up and that I signed for the mule in

[Brackin v. Owens Horse & Mule Co.]

question was for only $190.00; you also know the present condition of the note and what it calls for, and so does several other good men that a jury will believe without question.

"You also know that I was down at Dothan and offered to give you your mule back for my note and you refused to do it. You also know that if I should pay the note of $190.00 that I gave you within sixty days from the date of making same there was to be no interest but if the note run over till fall there was to be 10 per cent interest added. You also know that where there was once a figure 1 in said note that there is now a figure 2, that where there was once the letters 'o-n-e' there is now written over said letters the following letters, 't-w-o.' The note shows this and I can establish that fact, and you know the silent voice of the note speaks on this matter in such tones that cannot be contradicted.

"I am going to treat you fair in this matter. I am going to send you a check for $190.00, the face of my note, and what my note called for when I signed it, upon receipt of this check you must forward me my note, this done all is well, otherwise we will see what there is in this matter in every detail.

"You will receive my check within sixty days from the time this note was given for the sum I executed my note for; you can accept this in full settlement of this matter and the matter will be over with so far as I am concerned, or you can reject it and we will let the courts go into every detail of this matter.

"Yours truly.                                S. R. Brackin."

The complainant could not accept this tender on these conditions and then hold the respondent for the other $100. What was said in *Hand's Case, supra,* 147 Ala. 567, 41 South. 80, is apt and conclusive here: "The plaintiff must have known the tender was made on condition, and having accepted and collected the check, was bound by the condition.—1 Cyc. 333. 'While a mere tender, though of the whole amount due, when unaccepted, does not operate to extinguish or satisfy the claim, yet when made in full of the amount due and accepted, without protest as to its sufficiency, the debt becomes extinguished. The creditor may reject a tender on condition that he receive it in full of his claim; but, if he accept it, he is bound by the condition, and will not be allowed to keep the money and repudiate the conditions.'—*Hanson v. Todd,* 95 Ala. 328, 10 South. 354. The plaintiff, no doubt in the course he pursued, supposed he was

[Roe, et al. v. Durham.]

safe in doing so, because a somewhat similar action was held in *Hodges v. Tenn. Imp. Co.*, 123 Ala. 573, 26 South. 490, not to constitute full satisfaction of the debt; but that case involved an undisputed indebtedness and is distinguishable from this."

For these reasons, the decree of the chancellor is reversed, and one is here rendered dismissing the bill.

Reversed and rendered.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.