(78 South. 815)

## BROWN v. LOWNDES COUNTY.
(3 Div. 329.)

(Supreme Court of Alabama. April 18, 1918. Rehearing Denied May 30, 1918.)

1. CONTRACTS ⊛237(2) — EXECUTORY CONTRACT—MODIFICATION—CONSIDERATION.

A modification of an executory agreement, by agreeing to accept a less sum than that due, where one of the parties does not assume any obligation or release any right, is a nudum pactum and void, though mutual obligations, assumed by the parties at the time of the modification, would be a sufficient consideration.

2. ACCORD AND SATISFACTION ⊛1 — DEFINITION—REQUISITES.

An agreement between two persons, one of whom has a right of action against the other, that the latter should do or give, and the former accept, something in satisfaction of the right of action, different from, and usually less than, what might be legally enforced, when the agreement is executed and the satisfaction has been made, is an "accord and satisfaction."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accord and Satisfaction.]

3. ACCORD AND SATISFACTION ⊛7(1) — ACCEPTANCE OF PARTIAL PAYMENT—EFFECT.

At common law, when a less sum than the amount due was accepted by the creditor, he could not thereafter maintain a suit for the difference, if he had surrendered the evidence of the debt to the party obligated thereby.

4. ACCORD AND SATISFACTION ⊛17 — DELIVERY OF EVIDENCE OF DEBTS—RECOVERY BY CREDITOR—STATUTE.

Code 1907, §§ 3973, 3974, relating to executed as well as executory agreements, and providing that all receipts, releases, and discharges in writing, whether of a debt of record or a contract under seal, etc., must have effect according to the intention of the parties, and that all written settlements made in good faith for the composition of debts must be held to operate according to the intention of the parties, though no release under seal is given, and no new consideration passes, do not change the rule that a mere accord or agreement for satisfaction, without performance, has no effect on the debt or demand, and that when satisfaction, though in a less amount than that due, follows an accord, and the evidence of the debt is delivered up, there can be no subsequent recovery of the amount released by the creditor.

5. ACCORD AND SATISFACTION ⊛19—PLEA—CONSTRUCTION.

In an action for money due from defendant county under an agreement whereby plaintiff was to furnish a road at an agreed price, a plea alleging the issuance of a warrant to plaintiff in consideration of warrants in a larger amount surrendered by plaintiff, which substitute warrant was paid, showed an accord and satisfaction of plaintiff's claim, and barred a further recovery on his claim.

6. COUNTIES ⊛206(3) — ALLOWANCE OF CLAIM—ACCEPTANCE OF AMOUNT ALLOWED—EFFECT.

Where an original demand against a county is presented to the board of revenue or commissioners' court, and is reduced in amount and allowed, the claimant must elect to accept or reject the diminished amount, and, if he accepts it, he cannot sue for the difference.

Appeal from Circuit Court, Lowndes County; A. E. Gamble, Judge.

Action by J. G. Brown against Lowndes County for breach of a contract to build roads. Judgment for defendant, and plaintiff appeals. Affirmed.

The facts sufficiently appear from the opinion. Plea 3, referred to in the opinion, is as follows:

As to the demand of plaintiff under the agreement for work done and material furnished for the Hayneville and Mt. Willing road, and his demand for work done and material furnished on said road, defendant says: For such work done and materials furnished on and for said road, the board of revenue of defendant, after plaintiff's claim for same had been allowed by said board of revenue, issued warrants in favor of plaintiff on the county treasurer of Lowndes county in dates and amounts as follows, to wit: June 1, 1914, $2,275; July 13, 1914, $500; July 13, 1914, $500; July 13, 1914, $2,975; September 14, 1914, $186; September 14, 1914, $225; September 14, 1914, $1,800; September 14, 1914, $714; October 5, 1914, $147; October 5, 1914, $222.73; October 5, 1914, $186; October 5, 1914, $440; October 5, 1914, $310; October 5, 1914, $1,179.29. Said warrants were presented to the county treasurer of Lowndes county and duly registered. Afterwards, on, to wit, January 11, 1915, the chairman and the clerk of the board of revenue of Lowndes county issued a warrant on the county treasurer of Lowndes in favor of plaintiff in the sum of $14,221.52. This warrant was issued in lieu of the warrants hereinabove named and set out, and also in lieu of warrant for $3,015.87, which had been issued to plaintiff on, to wit, October 5, 1914, for and on account of work to that date done by plaintiff under his contract for construction of Ft. Deposit and Mt. Willing road. Said warrants for work on Hayneville and Mt. Willing road and Ft. Deposit and Mt. Willing road were, upon the issuance to him of the warrant for $14,221.52, surrendered by plaintiff, and same were canceled, and said warrant for $14,221.52 was accepted by plaintiff in lieu of said warrants so surrendered and canceled. After receiving said warrant for $14,221.52, bearing date of January 11, 1915, same was presented by plaintiff to the treasurer of Lowndes county, who registered the same, and on, to wit, January 12, 1915, paid plaintiff the full amount thereof. Defendant further avers that, other

than as hereinabove stated and set forth, it never became or was indebted in any manner to plaintiff, or the Hayneville and Mt. Willing road, and that, before the commencement of this suit, plaintiff was paid for the work done and material furnished on and for said Hayneville and Mt. Willing road in the manner· as hereinabove set forth. Wherefore defendant says plaintiff is not entitled to recover on any of his demands sued on for the work and labor done, or on material furnished for said Hayneville and Mt. Willing road, whether under special contract or otherwise.

Ball & Beckwith, of Montgomery, for appellant. J. R. Bell, of Hayneville, and Powell & Hamilton, of Greenville, for appellee.

THOMAS, J. The points involved on this appeal arose on the overruling of the demurrers to defendant's special pleas to counts 1, 2, and 3 of the complaint. Counts 1 and 2 claim damages for the breach of an agreement made between plaintiff and defendant in July, 1914, in and by which plaintiff agreed to furnish material for, and perform all the labor required on, what was known as the Mt. Willing and Ft. Deposit road, in Lowndes county, in accordance with the plans and specifications adopted by the board of revenue of said county. The third count was for money alleged to be due by defendant county to the plaintiff, under an agreement made in June, 1913, beween plaintiff and defendant, whereby the former agreed to furnish for the latter a certain portion of the Hayneville and Mt. Willing road at an agreed price; · it being averred therein that the work had been done as per contract, and that the defendant had paid only 95 per cent. of the amount agreed to be paid to plaintiff for such labor and material in constructing or finishing said road.

The defendant pleaded the general issue and payment and also interposed said special pleas, No. 3 of which special pleas the reporter will set out in the report of the case. There was judgment for the defendant, at whose written request the court gave the general affirmative charge.

[1, 2] Appellant grounds his supposed right on the announced rule of Hand Lumber Co. v. Hall, 147 Ala. 561, 41 South. 78, Shriner v. Craft, 166 Ala. 146, 152, 51 South. 884, 28 L. R. A. (N. S.) · 450, 139 Am. St. Rep. 19, and Montgomery Co. v. New Farley Nat. Bank, 75 South. 918, 919.[1] The general principle of law invoked applies only to executory agreements to accept a less sum than that due. City Council of Montgomery v. Shirley, 159 Ala. 239, 242, 48 South. 679; Ala. City, G. & A.· Ry. Co. v. City of Gadsden, 185 Ala. 263, 271, 64 South. 91, Ann. Cas. 1916C, 573; Wescott v. Walker, 47 Ala. 492; Hunnicutt Lumber Co. v. M. & O. R. R. Co., 2 Ala. App. 436, 57 South. 73. In Montgomery County v. New Farley Nat. Bank, supra, the court said:

"The above-cited case of Shriner v. Craft reviews all our authorities upon the question of modification of contracts and the necessity for a consideration in support thereof. It is unnecessary to do more than to cite this authority, to sustain the position that an agreement on the part of · the county *to relieve the bank from the payment of a portion of the purchase price* (represented by the accrued interest), without the assumption of any obligation by the bank or the release of any rights which it held, and without any consideration therefor, would be a nudum pactum and void."

In the Montgomery County Case, the sale of the county bonds was not concluded, and the agreement dealt with was executory.. In Hand Lumber Co. v. Hall, supra, this distinction is made as follows:

"In each of them (Barron v. Vandvert, 13 Ala. 232, Pearson v. Thomason, 15 Ala. 700 [50 Am. Dec. 159], and Hodges v. Tenn. Implement Co., 123 Ala. 573 [26 South. 490]) the holding was that on part payment of the debt, *without surrender of the note,* the agreement by the creditor to accept in discharge of the debt a less sum in money than the debtor owed was a nude .pact, constituting no bar to a recovery of the balance."

And in Shriner v. Craft, supra, touching the modification of an unexecuted contract, the court declared:

"An analysis of the cases shows that it would be more accurate to say that the mutual obligations assumed by the parties, at the time of the modification, constitute a sufficient consideration, and if one of the parties does not assume any obligation or release any right, then a promise by the other is a nudum pactum and void."

To the same effect is the definition of "accord and satisfaction," found in Reliance Life Insurance Co. v. Garth, 192 Ala. 91, 93, 68 South. 871, 872, to wit:

"An agreement between two persons, one of whom has a right of action against the other, that the latter should do or give, and the former accept, something in satisfaction of the right of action different from, and usually less than, what might be legally enforced. *When the agreement is executed, and the satisfaction has been made,* it is called an 'accord and satisfaction.' "

[3] At common law, where a less sum than the amount due is accepted by the creditor, he could not thereafter maintain a suit for the difference if he had surrendered the evidence of the debt to the party obligated thereby. Hodges v. Tenn. Imp. Co., 123 Ala. 572, 26 South. 490; Eufaula Nat. Bank v. Passmore, 102 Ala. 372, 373, 14 South. 683; Cowan v. Sapp, 74 Ala. 44, 50. In the Passmore Case, Chief Justice Stone said:

"It was a rule of the common law, that an express promise of a creditor, if a release was not given, *or the evidence of the debt was not surrendered* [italics supplied], to accept in payment a less sum than was really owing him, would not operate as a payment, or as an accord and satisfaction."

[4] The statute has, to an extent, abrogated the rule of the common law by declaring:

"All receipts, releases, and discharges in writing, whether of a debt of record, or a contract under seal, or otherwise, must have effect according to the intention of the parties thereto."

---

[1] 200 Ala. 170.

And that:

"All settlements in writing, made in good faith for the composition of debts, must be taken as evidence, and held to operate according to the intention of the parties, though no release under seal is given, and no new consideration has passed." Code, §§ 3973, 3974; Cowan v. Sapp, supra, 74 Ala. 50; Home. Telephone Co. v. Fields, 150 Ala. 306,_43 South. 711; Lampkin v. Rose, 198 Ala. 533, 73 South. 896.

Though the statute relates to executed contracts, as well as to executory agreements dependent upon the doing or happening of something in the future, it has not changed the elementary rule that mere accord, mere agreement for satisfaction, without performance, is without influence on the debt or demand (Crass v. Scruggs, 115 Ala. 258, 269, 22 South. 81; Norton v. Clayton Hardware Co., 149 Ala. 248,.43 South. 185; 1 Am. & Eng. Ency. Law [2d Ed.] 420 et seq.), and that when satisfaction—though in a less amount than that due—follows such accord, and the evidence of the debt is delivered up, there can be no subsequent recovery of the amount that has been released by the creditor. Mr. Justice Mayfield, for the court, again makes the distinction between the two lines of cases cited by respective counsel as follows:

"The true rule was stated by this court, with authorities, Weakley, C. J., writing, in the case of Hand Lumber Co. v. Hall, 147 Ala. 563, 564, 41 South. 79: ' "The rule that the payment of a less sum than the real debt will be no satisfaction of a larger sum without a release by deed applies only to conceded or undisputed demands. Where the claims are in dispute, the compromise and part payment thereof are sufficient consideration to support the discharge." 24 Am. & Eng. Ency. Law (2d Ed.), p. 288. The cases of Barron v. Vandvert, 13 Ala. 232, Pearson v. Thomason, 15 Ala. 700, 50 Am. Dec. 159, and Hodges v. Tenn. Implement Co., 123 Ala. 573, 26 South. 490, each involved an indebtedness by note, and in those cases there was no dispute as to the existence of the indebtedness as evidenced by the written obligations. In each of them the holding was that on part payment of the debt, *without surrender of the note* [italics supplied], the agreement by the creditor to accept in discharge of the debt a less sum in money than the debtor owed was a nude pact, constituting no bar to a recovery of the balance.' ' Brackin v. Owens Horse & Mule Co., 195 Ala. 579, 581, 71 South. 97, 98.

[5] Did, then, defendant's pleas 3 and 4 properly present an accord and satisfaction of Brown's claim against the county of Lowndes? We are of opinion that there was such accord and satisfaction of this claim against the county for said work, for which the warrants were issued, and that the payment in full of the warrants was properly held to be a bar to further recovery by Brown for work done and materials furnished, under the contract, on said respective roads in said county. As to these pleas, the trial court properly overruled plaintiff's demurrer.

Moreover, by section 2472 of the Code, provision is made that:

"Suit must not be brought against a county until the claim has been presented to the court of county commissioners, *and disallowed or re-* *duced by the court, and the reduction refused by the claimant.* The failure or refusal of the court to enter upon its minutes the disallowance or reduction of the claim for ninety days is a disallowance."

[6] Where an original demand against a county is presented for allowance to the board of revenue or commissioners' court, and is by such board or court reduced in amount and so allowed, the claimant is forced to an election to accept or to reject the diminished amount; and if the reduced amount so allowed is accepted by the creditor he cannot thereafter successfully maintain suit for the amount of the difference. Looney v. Jackson County, 105 Ala. 597, 17 South. 105; Calhoun County v. Watson, 152 Ala. 554, 559, 44 South. 702; State ex rel. Norwood v. Goldsmith, as Treas'r, 162 Ala. 171, 50 South. 394; Id., 168 Ala. 224, 239, 53 South. 84. If the facts set up in replications 6, 7, and 8, were true, and if this plaintiff had recourse thereon, which we do not now decide, plaintiff should have brought his suit for a breach of his subsequent contract, and not have declared on a breach of his original contract.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.