(110 So. 129)

McCOY et al. v. WYNN et al.　(6 Div. 451.)

(Supreme Court of Alabama.　Nov. 4, 1926.)

1. **Appeal and error** ⬌621(3).

Where first call was less than 60 days after appeal was taken, and transcript was filed on first day of next call, it was sufficient, even though not filed within 60 days after taking appeal, in view of Code 1923, §§ 6107, 6129; Supreme Court practice rule 41.

2. **Accord and satisfaction** ⬌10(1) — **Compromise and settlement** ⬌6(2)—Agreement to release unpaid portion of debt on payment of part is not binding, unless there is dispute as to amount due, an independent valuable consideration, a written discharge under Code 1923, § 7669, or a surrender of written evidence of debt.

Where payment of part in full settlement of debt is not predicated upon a bona fide dispute as to amount due, or on an independent valuable consideration moving to payee, or on written agreement of discharge, as provided by Code 1923, § 7669, or on a surrender to debtor of written evidence of debt, agreement to release unpaid portion of debt is but a nudum pactum.

3. **Release** ⬌13(1).

Payment of notes before maturity is a sufficient consideration for release of interest accrued.

4. **Mortgages** ⬌413.

Where mortgagor sought to enjoin transferees of mortgage from foreclosing on ground that mortgage debt had been paid and satisfied by payment of smaller sum, burden was on him to show that debt was satisfied.

5. **Mortgages** ⬌413.

Bill to restrain foreclosure of mortgage on ground that indebtedness was paid by accord and satisfaction *held* not sufficient as bill for redemption, though bill contained general prayer for relief, and a general offer to do equity.

6. **Mortgages** ⬌310—Parol consent of mortgagee to sale of land did not, in absence of equitable estoppel, bind mortgagee to release land from lien, and therefore did not bind his transferees without notice.

Parol consent by original mortgagee to sale by mortgagor of part of land covered by mortgage did not, in absence of equitable estoppel, bind even mortgagee to release the land from lien of mortgage, and therefore did not bind his transferees, who had no notice of such agreement.

7. **Mortgages** ⬌290 — Where mortgagee released part of mortgaged property, equitable doctrine that parcels successively alienated by mortgagor will be subjected to payment of mortgage in inverse order of their alienation held not applicable.

Equitable doctrine that, where parcels of mortgaged property have been successively alienated by mortgagor, they will be subject to payment of mortgage debt in inverse order of their alienation, to the exoneration, if possible, of parcels first conveyed, *held* inapplicable to release by mortgagee of part of mortgaged property to mortgagor.

8. **Mortgages** ⬌287 — That transferees of mortgage knew that mortgagor had sold remaining portion of mortgaged land did not impair their right to enforce mortgage against parcels previously alienated, but still subject to mortgage.

That transferees of mortgage knew that mortgagor had sold and conveyed remaining portion of mortgaged land to third parties after part had been released to mortgagor, so that mortgagor might procure loan to pay on mortgage debt, did not impair their right to enforce mortgage against parcels previously alienated, but still subject to mortgage.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Bill in equity by Jonas Wynn against D. O. McCoy, J. M. Bright, and U. G. Jones, and cross-bill by U. G. Jones. From the decree defendants McCoy and Bright appeal. Reversed and rendered.

The appellee Wynn filed his bill of complaint against McCoy and Bright to enjoin them from proceeding to foreclose a certain mortgage executed by complainant to one A. E. Field, which was transferred to Bright, and by Bright transferred as collateral security to McCoy. The mortgage was secured by fifteen promissory notes, and in 1921 seven of these, for $150 each, with interest, remained unpaid.

By an amendment U. G. Jones was made party defendant to the bill, and thereafter Jones filed an answer and cross-bill, alleging the purchase by him from Jones of 80 acres of the land covered by the mortgage here involved, and seeking a decree releasing said 80 acres from the operation of the mortgage.

The equity of complainant's bill in support of the prayer for injunction, and for a decree declaring that the mortgage debt had been fully paid and the mortgage extinguished, is rested upon the averments of paragraph 4½ of the amended bill, as follows:

"(4½) That during the year 1921, and during the existence of the financial panic, and while money was scarce in the country, and difficult to obtain, your orator and the respondent J. M. Bright agreed upon a settlement of said indebtedness, which was to mature as above averred, and for a cancellation of said notes and mortgage on condition that your orator pay to the respondents the face amount of said notes discounting all the interest, and to accept in full satisfaction of said unmatured notes the sum of $1,050, in full satisfaction of all said indebtedness, and cancel the same; that in pursuance to said agreement the complainant obtained the money through a loan from Mallory & Mallory, and that $1,116.20 was sent to the respondent D. O. McCoy, and that he kept all of said money, and that the respondents now have $66.20 in money belonging to this com-

plainant; that the respondent D. O. McCoy gave the respondent J. M. Bright authority to settle said indebtedness for him by accepting the said $1,050, the face amount of said notes which was done. And that, after the respondents had received $1,116.20, they then informed your orator that they would not do what they agreed to; that they had his money, and still held his notes, and would like to see him help himself; that your orator has conveyed said lands above described by warranty deed, and that his interest will be very greatly injured unless said respondents are restrained from foreclosing said mortgage, and the said notes above described are not due except the 1921 and 1922 and 1923 notes, and the respondents have threatened to transfer said notes to other parties, and, if permitted by this court, will cause injury irreparable to complainant; and complainant adds the following to the prayer of his bill: That the said respondent D. O. McCoy be required to pay back to complainant the said $66 overpayment of said mortgage."

The trial court decreed the relief prayed by original complainant and cross-complainant, Jones, and from it defendants McCoy and Bright appeal.

Ward, Nash & Fendley, of Oneonta, and A. A. Griffith, of Cullman, for appellants.

The bill contains no equity. Code 1923, § 6553; City of Huntsville v. Madison County, 166 Ala. 389, 52 So. 326, 139 Am. St. Rep. 45; L. & N. R. Co. v. Cowley, 164 Ala. 331, 50 So. 1015; Singo v. Brainard, 173 Ala. 64, 55 So. 603; McDonnell v. Finch, 131 Ala. 89, 31 So. 594. The payment made by complainant did not amount to an accord and satisfaction. Abercrombie v. Goode, 187 Ala. 310, 65 So. 816; Ex parte Southern Cotton Oil Co., 207 Ala. 704, 93 So. 662; Brown v. Lowndes County, 201 Ala. 437, 78 So. 815. Appellee Jones was not entitled to relief. Heirs of Holman v. Bank of Norfolk, 12 Ala. 426.

Russell & Johnson, of Oneonta, for appellees.

Appellant must file a transcript of the record in cases appealed from equity court within 60 days from taking such appeal. Code 1923, § 6107. The notes and mortgage had been fully satisfied, and appellants had accepted $1,050 in full accord and satisfaction of the same, and said mortgage cannot be foreclosed after it has been paid. Code 1923, § 9026; Gulf Coast Lumber Co. v. Miles, 206 Ala. 429, 90 So. 281; Woodard v. Elrod, 154 Ala. 340, 45 So. 647. Appellants released 120 acres of the land, with knowledge that Jones had purchased other lands in the same mortgage, and they must credit the mortgage with the value of the lands so released. 2 Jones on Mortgages, 722; 27 Cyc. 1366; Howser v. Cruikshank, 122 Ala. 256, 25 So. 206, 82 Am. St. Rep. 76; Farmers' Savings & Building & Loan Association v. Kent, 117 Ala. 624, 23 So. 757; Dacus v. Streety, 59 Ala. 183; Mobile Marine Dock & Mutual Ins. Co. v. Huder, 35 Ala. 713.

SOMERVILLE, J. [1] Appellee's motion to dismiss the appeal, because the transcript was not filed in this court within 60 days after taking the appeal, is without merit, and will be overruled. The appeal was taken on February 26, 1925. The first call of the Sixth division thereafter was on April 19th—less than 60 days. The transcript was filed in this court on November 23, 1925, the first day of the ensuing call of that division. This is held to be sufficient. Sloss-Sheffield Steel & Iron Co. v. Webster, 183 Ala. 323, 62 So. 764; Cudd v. Reynolds, 186 Ala. 207, 65 So. 41; Code 1923, §§ 6107, 6129; Supreme Court practice rule 41.

The equity of the bill rests entirely upon the theory of an accord and satisfaction, by which a mortgage indebtedness of about $1,700 was extinguished by complainant's payment of $1,116.20, pursuant to an agreement with the appellees as owners of the mortgage and notes.

[2] Such a payment, in order to operate as a satisfaction of the entire indebtedness, must have been predicated upon a bona fide dispute as to the amount justly due or upon an independent valuable consideration moving to the payee, or upon a written agreement of discharge, as provided by statute (Code 1923, § 7669), or upon a surrender to the debtor of the written evidence of the debt. Abercrombie v. Goode, 187 Ala. 310, 65 So. 816; Ex parte Southern Cotton Oil Co., 207 Ala. 704, 93 So. 662; Brown v. Lowndes County, 201 Ala. 437, 78 So. 815. Otherwise the agreement to release the unpaid portion of the debt is but a nudum pactum without any legal effect.

[3] The averments of the amended bill, as also of the original bill, show a sufficient consideration for the release of the interest accrued on the unmatured notes, viz. the payment of those notes in 1921 in advance of their several periods of maturity. The demurrer to the bill for want of equity was therefore properly overruled.

[4] The burden was on complainant to show that the respondents Bright and McCoy made with him the agreement alleged in the bill of complaint, and that the mortgage debt was paid and satisfied by his payment to them of $1,116.20 in that behalf. We have examined the testimony and the documentary evidence with much care, and our clear conclusion is that complainant's contentions are not sustained, and ought to be rejected.

[5] The bill contains a general prayer for relief and a general offer to do equity, but this does not suffice to give it equity and standing as a bill for redemption. Fid. & Dep. Co. v. Richeson, 213 Ala. 461, 105 So. 193. It results that the decree of the circuit court granting relief on the original bill, as amended, must be reversed, and a decree be here rendered dismissing the bill.

[6] The trial court erred also in granting relief to the respondent U. G. Jones on his cross-bill against Bright and McCoy. The theory that the mortgage was discharged by an accord and satisfaction of the mortgage debt is not sustained, and no other theory of relief is available. The mere parol consent by Fields, the original mortgagee, to the sale by the complainant mortgagor of the 80 acres of mortgaged land now claimed by Jones did not, in the absence of an equitable estoppel (and none such appears), bind even Fields to release that land from the lien of the mortgage. A fortiori, it could not bind his transferees, who had no notice of such an agreement.

[7] Nor is the doctrine of equity that, where parcels of mortgaged property have been successively alienated by the mortgagor, they will be subjected to the payment of the mortgage debt in the inverse order of their alienation, to the exoneration if possible of the parcels first conveyed, applicable to a release by the mortgagee of a part of the mortgaged property to the mortgagor.

[8] The evidence shows that Bright and McCoy released 120 acres of the mortgaged land from the mortgage, in order that the mortgagor Wynn might procure upon it a loan of $1,200 to pay on the mortgage debt. Conceding, for the argument, that both Bright and his collateral transferee, McCoy, knew that Wynn had sold and conveyed the remaining 80 acres of the mortgaged land to third parties, this did not impair their right to enforce the mortgage against the parcels previously alienated, but still subject to the mortgage. As said by this court in Heirs of Holman v. Bank of Norfolk, 12 Ala. 369, 426:

"The mortgagee having lent his money, and taken a mortgage on land, may, if he thinks proper, release the whole, or any portion of it, to the mortgagor, or to a purchaser from him. What right has a purchaser from the mortgagor, of a portion of the land, to interfere in this matter? Between him and the mortgagee there is no privity, either in estate or in law, and as he purchased with knowledge, that all and every part of the estate was liable to the payment of the mortgage debt, he cannot complain when it is enforced. If the mortgagee should collude with an insolvent mortgagor, to make the entire loss fall on a particular purchaser, equity might afford relief on the ground of fraud; but that is neither alleged nor proved, and it is impossible, that an equity can grow up in favor of a stranger, from the exercise of an undoubted right."

Upon these considerations, the decree granting relief to Jones must be reversed, and a decree will be here rendered denying that relief, and dismissing his cross-bill.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.