(135 So. 443)

## BRYAN v. SPIVEY.
### 4 Div. 533.

Supreme Court of Alabama.
.May 14, 1931.

Rehearing Denied June 25, 1931.

Wilkerson & Brannen, of Troy, and W. M. Brunson, of Elba, for appellant.

E. C. Orme, of Troy, for appellee.

SAYRE, J.

In answer to appellant's bill to quiet title, appellee averred a balance due on the purchase price of a parcel of land which the latter had sold and conveyed to the former and prayed a decree of foreclosure. Appellee had relief according to the prayer of his cross-bill.

In October, 1919, appellant purchased the land from appellee, giving therefor ten promissory notes for $200 each payable on the 1st day of November of the years from 1920 to 1929, both inclusive, with interest from date at 8 per cent. per annum. April 25, 1924, appellant's payments totaled $570, not enough to cover interest to that date. On the last-named date appellant, having procured a loan on a mortgage for $1,000 on the land to the Federal Land Bank of New Orleans, paid $1,100 to appellee, taking his receipt as follows:

"$1,670.        Elba, Ala., April 25, 1924.

"Received of E. J. Bryan the sum of Sixteen Hundred Seventy and No/100 Dollars which is to be applied on a contract for Two Thousand Dollars due me by the said E. J. Bryan, which now leaves a balance of Three Hundred Thirty Dollars due me by him.

"W. H. Spivey."

Appellant afterwards paid to appellee $60, and then, March 28, 1925, appellant, through his attorneys, gave to appellee his check as follows:

"Elba, Ala., 3—28—25.

"Pay to the order of W. H. Spivey $293.50, Two hundred ninety-three and 50/100 Dollars.

"For E. J. Bryan mortgage in full.
        "Sanders & Brunson, Attys.,
            "By W. M. Brunson.
"The First National Bank,
    "Elba, Alabama."

Appellee received this check, but, after being reminded that his mortgage would need to be satisfied of record in order that appellant might receive the money to be secured by the mortgage to the Land Bank, refused appellee's request for the last four of the purchase money notes, and said four furnish the basis of appellee's claim in this cause.

There is no reason to doubt that the mortgage from appellant to appellee was satisfied of record. Appellant affirms as a witness that the note for $330 and the payments, ag-

gregating $2,000, were given in full payment of the purchase price of the land. Appellee in like manner affirms that, according to the agreement between them, appellant is still indebted by the amount witnessed by the last four of the notes dated October 17, 1919, which he refused to deliver up on the occasion when he got the money produced by the Land Bank mortgage and when he gave a receipt containing a recital to the effect that the balance remaining due on the original contract was $330. That this last-named balance was paid by a check, purporting to be in full of appellant's mortgage to appellee, is not denied.

Section 7669 of the Code provides that: "All receipts, releases, and discharges in writing, whether of a debt of record, or a contract under seal, or otherwise, must have effect according to the intention of the parties thereto."

■ The ruling evidenced by the decree in this cause proceeded upon the theory that it was required by the opinion and decision in Hodges v. Tennessee Implement Co., 123 Ala. 572, 26 So. 490. In that case, as in this, the plaintiff, cross-complainant, in this case, brought his action on a promissory note. And in that case, as in earlier cases, it appears to have been held that the statute intends that on part payment of the debt evidenced by an agreement in writing, without a surrender of the writing—in this case promissory notes—the agreement by the creditor to accept in discharge of the debt a less sum in money than the debtor owed is a nude pact and constitutes no bar to a recovery of the balance. Hand Lumber Co. v. Hall, 147 Ala. 561, 41 So. 78; Singleton v. Thomas, 73 Ala. 205; Brackin v. Owens Horse Co., 195 Ala. 579, 71 So. 97; Brown v. Lowndes County, 201 Ala. 437, 78 So. 815; Ex parte Southern Cotton Oil Co., 207 Ala. 704, 93 So. 662.

■■ The case in hand is not affected by section 7670 of the Code, which gives effect to settlements in writing for the composition of debts, meaning claims unliquidated or in dispute. Hand Lumber Co. v. Hall, 147 Ala. 561, 41 So. 78.

In the case under consideration the amount of the debt from appellant to appellee was not in dispute. But, while appellant was in arrear, not having paid all interest due on the entire purchase price up to date, four of his notes were not yet due. Appellant and appellee were the only witnesses to what passed between them on the occasion when he paid $1,100 and gave his note for $330, and the testimony of each of them tends to support his version of what occurred between them. The judgment here is that the circumstances tend strongly to support appellant's theory of the case and that the only fact standing in the way of that theory is that appellee retained possession of the four notes on which he now plants his case; but it can hardly be asserted in reason that he was to retain them as evidence of a continuing debt due from appellant and at the same time have the benefit of the note for $330, and, in the situation thus ·presented, appellee's continued possession of the four notes not then due, kept, as appellant in effect deposes, in breach of faith, can have no effect as denying to appellant the benefit of his version of the facts which is that his payment of $1,000, plus $570 previously paid, and his note for $330, in lieu of the notes not yet paid—said note for $330.00 being afterwards paid—were to be accepted as in full payment of the purchase price of the land, and that appellee's retention of the notes not yet due was in wrong of appellant and cannot be assigned the effect accorded to a retention of the evidence of debt in Hodges v. Tennessee Implement Co., and the other cases in that line to which we have heretofore referred. The acceptance of that note in lieu of the notes yet to fall due under the original contract operated to avoid the rule as to nude pact affirmed in that case, and its subsequent payment must be given effect as in discharge of the full purchase price of the land. That agreement for the settlement of the original debt, so far from being a nude pact, was of distinct material advantage to both parties. Complainant, appellant, avoided thereby the payment of interest; appellee thereby collected several installments of the purchase price some years in advance of the times originally agreed upon. Original complainant should have had a decree in accordance with the prayer of his bill.

The decree will be reversed and a decree in agreement with what has been here said will be here rendered.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.