The opinion of the Court (absente Parsons, C. J.) was delivered as follows, by
Sedgwick, J.
(after reciting the facts.) There are two questions in this case — 1. Whether the plaintiffs are entitled to recover any thing; and, 2. Whether, if they recover at all, they shall recover the whole amount due by their note, or the fourth instalment only, which, according to the terms of the deed, was due at the commencement of the action.
No authorities directly in point upon this subject were shown to the Court upon the argument, nor have any been since discovered by them. The action must then be determined by the meaning, as well as it can be perceived, of the deed executed by the plaintiffs and others.
The defendant’s note was due at the time of the execution of the deed. The plaintiffs covenanted to receive payment in five equal instalments ; the first in six months, and the others each after an interval of three months. The three first instalments were paid in conformity to this stipulation : there was a failure of paying the fourth according to it; and the fifth was not due when the action was commenced.
The covenant which succeeds the agreement for postponing the payment, although voluntary and gratuitous on the part of the plain *225 tiffs, is yet binding on them; and the defendant is entitled to the full benefit of it, according to its true intent and meaning. But it appears to us, that * the covenant of the plain- [ * 267 ] tiffs implied mutuality; or, in other words, an agreement on the part of the defendant to pay punctually, according to the terms prescribed by the indulgence of his creditors; and that he could claim the benefit of that indulgence only as he should comply with those terms. The covenant of the creditors was, in the understanding of the parties, that they would not molest the defendant, if he should pay accordingly as they stipulated to receive their debts; but, if he did not, the engagement on their part was at an end, and the parties stood in relation to each other as if no agreement had been made.
That the fourth instalment was due at the commencement of the action, upon every principle of justice and reason, there can be no doubt; and we are not certain that, if judgment should be rendered for that only, the plaintiffs would have any action to recover the remaining fifth part. The express contract here is all on one side: the original debt is one, and the promise to pay it is entire: the defendant has not, in words, undertaken to pay it by instalments; and we know no case, which has determined that an entire debt can be broken into several, so as to authorize sev eral actions, without a new and express undertaking to that effect.
But this is not necessary to be determined, as we are all of opinion that the defendant can claim no benefit from the agreement, because he has not complied with the terms, on which alone the plaintiffs covenanted not to molest him.
Pursuant to the agreement of the parties, judgment must be entered for the plaintiffs for the balance due upon the note.