Shaw C. J.
afterward drew up the opinion of the Court. The only question in this case is, for what sum judgment shall be rendered. The first point for the consideration of the Court is, what was the nature of the contract between these parties.
We agree with the original defendant’s counsel, that the several instruments made at one and the same time, and having relation to the same subject matter, must be taken to be parts of one transaction and construed together, for the purpose of showing what was the true contract between the parties. For this purpose the memorandum subjoined to the note, and also the separate memorandum, signed by the plaintiffs’ attorney, and making known an agreement of the parties respectively, are all to be considered together.[1]
The defendant contends that the note or obligatory part of this contract, is a penalty, to enforce the performance of some other obligation. The plaintiffs contend that it is the acknowledgment of an actual subsisting debt, and that the memorandum contains a conditional executory undertaking on the part of the holder to accept a smaller sum in satisfaction, in nature of a composition.
*308 Were we constrained to put a construction upon this contract without reference to the circumstances under which the parties negotiated, and having reference only to the terms of their contract as written, we should adopt the latter construction. A promise to pay a precise sum in dollars and cents, on demand, with interest, is strong evidence of a debt to that amount actually due. Upon this view, the two memoranda, between which there are some discrepancies, can be reconciled.
Had the conveyance of the land, and the giving of the note, been the main object of the contract, and the promise to pay the larger sum defeasible upon the performance of that contract, it might with more reason have been contended that such sum was a penalty. But considering it as a subsisting debt, and the undertaking of the holder, as an agreement, for the benefit of the promisor, for a discharge upon the payment of a less sum, there is nothing remarkable in giving the promisor the option to discharge his debt in any one of several different ways, or in expressing such agreement by distinct and separate securities.
Accordingly several such modes are provided. By the separate memorandum, upon the defendant’s conveying the lands and giving his note for $ 500, payable in one year, with satisfactory security, the note is to be given up. By the memorandum on the note, it is stipulated, that if the lands are conveyed, $ 3200 are to be allowed therefor; that if any sum of money shall be paid, double the amount shall be indorsed ; and upon receiving a conveyance of the lands, and a note'for $500, if such was the agreement of Judge Davis, the note is to be given up. But the stipulations in both memoranda, were upon the condition that the arrangement should be carried into effect in three months.
By the statement of facts, it is left in doubt, whether the memorandum was made upon the note at the time when the note was executed. If it was intended seriously to draw this fact in question, it should have been put in issue and tried by a jury. The memorandum being found to be in the handwriting of Mr. Stearns, who was at the time the attorney of the plaintiffs, and it appearing to relate to the mode of payment and to contain stipulations in favor of the signer of the note, the strong *309 presumption :s, that it was written at the time the note was signed, and to constitute a part of die same contract. Stocking v. Fairchild, 5 Pick. 181, [2d ed. 182, note 1 ;] Penniman v. Hartshorn, 13 Mass. R. 87. This being the presumption of law, and there being no evidence to control it, it must be taken that the memorandum was written at the same time thaf the note was written, and to constitute part of the contract.
Regarding the note as evidence of a subsisting debt, and the memoranda as containing stipulations on the part of the holder, for different modes of composition and payment, they are intelligible and consistent with each other, which they hardly would be, were the note to be regarded as a penalty.
Taking the note and the memoranda together, we are satisfied that they prove that the defendant was justly indebted to the plaintiffs in the full amount specified in his note ; that in satisfaction and discharge of that debt, the plaintiffs agreed to receive one half of the amount in cash, if paid in three months ; or a conveyance of the lands, and a note with surety for $500, in full discharge ; or a conveyance of the land, in satisfaction of $ 3200 ; both upon the like condition, of being given within three months.
Whether an executory contract to take a smaller sum in discharge of a larger, or for a collateral thing, without satisfaction and actual acceptance, is binding in law, or whether such a contract must be considered both in law and in equity as void for want of consideration, are questions which it is not now necessary to discuss. Heathcote v. Crookshanks, 2 T. R. 24 ; Upham v. Smith, 7 Mass. R. 265. And the question is much discussed and the authorities cited in Howe v. Mackay, 5 Pick. 44.[1]
But if an executory agreement to accept a smaller sum in satisfaction of a larger were valid and binding in law, it could not avail the defendant, because we are all of opinion, that such undertaking in the present case was conditional, and the condition has not been complied with.
*310 The land was conveyed within the time stipulated, and according to the agreement was received in discharge of the debt to the amount of $3200. The balance was to be paid, either in cash, at the rate of fifty per cent, that is, to allow two dollars for every dollar received, or to give a note for $ 500 with satisfactory security. The latter is the legal construction of that clause in the memorandum, as appears from this consideration, that the note for $ 500 was to be given with satisfactory security, if such was the agreement of Judge Davis, and the statement of facts shows that such was his agreement. But it is found that no note, either with or without surety, was tendered by the defendant at any time before the action was brought. The defendant then can rely only on the other branch of the agreement, contained in the memorandum annexed to the note, that if any sum shall be paid in cash or otherwise, double the amount so paid is to be indorsed on the said note. Connecting this with the last clause, “ the above arrangement is to be carried into execution in three months,” it is manifest, that the agreement to accept one dollar for two was upon condition that it should be paid in three months, which was not done. But further, were this construction less clear, it is in terms conditional; if any sum shall be paid, double shall be indorsed. The actual payment was an express condition. But no such payment has been made or tendered. The object of the plaintiffs was to insure the actual payment of the smaller sum, or in failure of that, to retain their subsisting and legal claim for the larger ; and we can perceive no claim, either in law or equity, on the parr of the debtor, to have the benefit of the agreement, without a compliance with the condition upon which it was made. The case is within the reasoning and authority of Tufts v. Kidder, 8 Pick. 537. It is well settled, as well in equity as at law, that a creditor having entered into an agreement for a composition, is not bound to take less than his debt, unless that agreement shall be absolutely and strictly complied with. Mackenzie v. Mackenzie, 16 Ves. 372.
It becomes unnecessary to consider whether it would be competent for the plaintiffs to give evidence if objected to, to show the relation in which the parties stood to each other, and the circumstances under which they negotiated, when this con *311 tract was made, as the result would be the same. It would then appear that the defendant was indebted by a judgment to the turnpike corporation, in a sum larger than the amount of the note, that that corporation was indebted to the plaintiffs in the just sum for which the note was given, that by an agreement of all the parties, that portion of the defendant’s debt was assigned to the plaintiffs, and that he gave his note on demand for the amount actually due. It would appear that the note did not enlarge or vary the obligation of the defendant, except transferring it from the turnpike corporation to the plaintiffs, he being already under obligation to pay the turnpike corporation a like sum on demand with interest, which they discharge on his giving his note to the plaintiffs. Under such circumstances the undertaking of the plaintiffs to receive a collateral satisfaction in land or securities, or to receive a less sum for a greater, must be deemed an agreement for a composition, and all the authorities cited showing that such an agreement must be strictly complied with, would apply to this case.
Judgment for the balance of the note.

 See Sibley v. Holden, ante, 250 ; Stephens v. Baird, 9 Cowen, 274 ; Hunt v. Livermore, 5 Pick. 395 ; Dillingham v. Estell, 3 Dana, 23; Rogers v. Kneeland, 13 Wendell, 114; Perry v. Holden, 22 Pick. 275, 276.

 See Harrison v. Close, 2 Johns. R. 448; Seymour v Minturn, 17 Johns. R. 169; Inman v Griswold, 1 Cowen, 199; Chapman v. Phoenix, 4 Paige, 405; Jones v. Bullitt, 2 Littell, 49 ; Latapee v. Pecolier, 2 Wash. Circ. C. R. 180; Musgrove v. Gibbs, 1 Dallas, 217.