FRANCIS P. SCHAFFER *vs.* HOTEL AND RAILROAD NEWS
COMPANY.

Suffolk.    December 12, 1928. — February 26, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Contract,* Construction.    *Interest.    Words,* "Refunded."

An agreement between a corporation and an accountant, whereby the
accountant agreed, acting under its power of attorney, "to settle and
compromise all claims arising or having arisen between the" corpora-
tion "and the Government of the United States relative to the Federal
Income Tax returns" for six years beginning in 1917, and the corpora-
tion agreed to pay and the accountant to accept "as compensation for
services a sum equal to 50% of any and all amounts refunded by the
Government of the United States for" those years, is unambiguous.
In the contract above described, the words "all amounts refunded" in-
cluded not only the principal of a sum refunded by the Federal govern-
ment in 1926 on account of the years named, but interest on that
principal paid by the government at the same time.

CONTRACT by an accountant and expert in tax matters
upon the contract quoted in the opinion.   Writ dated July
23, 1926.

In the Superior Court, the action was heard by *McLaugh-
lin,* J., without a jury.   Material facts found and rulings
made by him are stated in the opinion.   The judge reported
his findings and rulings to this court with a stipulation, in
part, that, if his rulings were right, judgment should be
entered for the plaintiff in the sum of $10,912.66.

*E. A. Whitman,* for the defendant.

*F. R. Mackenzie,* for the plaintiff.

CROSBY, J.   The plaintiff seeks to recover under a written
agreement dated March 17, 1923, one half of an amount paid
to the defendant as the result of adjustment of wrongful taxa-
tion by the Federal government.   The agreement was pre-
pared by the plaintiff and so far as material is as follows:
"The said Francis P. Schaffer party of the first part by virtue
of Power of Attorney granted to him by the Hotel & Railroad

News Company party of the second part, agrees to settle and compromise all claims arising or having arisen between the Hotel & Railroad News Company and the Government of the United States relative to the Federal Income Tax returns filed by said Hotel & Railroad News Company for the years 1917–1918–1919–1920–1921 and 1922.  Further, the said Hotel & Railroad News Company agrees to pay and said Francis P. Schaffer agrees to accept as compensation for services a sum equal to 50% of any and all amounts refunded by the Government of the United States for the years 1917–1918–1919–1920–1921 and 1922.''

Under this contract the plaintiff was to accept as compensation for his services ''a sum equal to 50% of any and all amounts refunded by the Government of the United States for the years'' 1917 to 1922 both inclusive.  It is agreed that the plaintiff, as the result of his efforts, secured an award by the government in 1926 of $73,172.82, with interest thereon amounting to $21,825.33.  The defendant has paid the plaintiff one half of the principal refunded, but has refused to pay one half of the interest.  It is the contention of the plaintiff that the word ''refunded'' includes interest, and the trial judge so ruled.  It is the contention of the defendant that the interest received by it was not refunded by the government within the terms of the contract upon which this action was brought, and for that reason the plaintiff was not entitled to any part of the interest so received by the defendant.  The judge ruled that the terms of the contract were unambiguous and declined to receive oral evidence offered by the plaintiff.

We are of opinion that this ruling was correct.  The question remains whether the ruling, in substance, that the word ''refunded'' includes interest, was right.

It is well settled, as the defendant argues, that if the language of a written instrument is doubtful or uncertain and the intention of the parties cannot be ascertained from its terms, it will be construed most strongly against the party using the uncertain language.  *New York Central Railroad* v. *Stoneman*, 233 Mass. 258, 262.  *Morse* v. *Boston*, 260 Mass. 255, 262.  Generally the word ''refund'' means to pay back,

to repay, to return by a party who has received money which ought not to have been paid. By § 1324 of c. 136, 42 U. S. Sts. at Large, 316, known as the "Revenue Act of 1921," it is provided "That upon the allowance of a claim for the refund of or credit for internal revenue taxes paid, interest shall be allowed and paid upon the total amount of such refund or credit at the rate of one-half of 1 per centum per month to the date of such allowance . . . ." By § 1019 of c. 234, 43 U. S. Sts. at Large, 346, known as the "Revenue Act of 1924," certain provisions of the earlier act, not material to the question here involved, were eliminated. Although nothing in the way of interest was paid by the defendant to the government, that fact is not decisive of the issue presented in the case at bar. It was said by Chief Justice Shaw, in *Williams* v. *American Bank*, 4 Met. 317, 320, 321, "Interest is allowed, not only on strict legal grounds, where there is a contract for the payment of interest, or by way of legal damages where there is a tortious detention of a debt, but upon considerations of equity and natural justice, when a party is entitled to the payment of money, which, owing to various causes, he cannot obtain." See also *Loring* v. *Wise*, 226 Mass. 231, 234; *Goldman* v. *Worcester*, 236 Mass. 319; *Ellis* v. *Sullivan*, 241 Mass. 60, 64.

The check sent by the United States government, dated May 1, 1926, included both principal and interest; it bears upon its face the words "Refunding Taxes Illegally Collected," and apparently was the final payment received by the defendant. Although the agreement between the parties did not in express terms refer to interest, we are of opinion that correctly construed it was intended that whatever refund was received by the defendant, either as principal or interest, the plaintiff would be entitled to one half thereof. Interest on the principal was included in and was a part of the amount paid to the defendant and was treated by the government as part of the refund. The interest on the amount wrongfully collected by the government was incidental to and a part of the amount the plaintiff was authorized to collect and which, upon a refund under the statute, the defendant was entitled

to receive. We are of opinion that under the terms of the agreement the plaintiff is entitled to recover fifty per cent of the interest received. *Scott* v. *Etna-Connellsville Coke Co.* 292 Penn. St. 516. *Magnolia Petroleum Co.* v. *United States,* 63 Ct. of Cl. 173.

In accordance with the terms of the report judgment is to be entered for the plaintiff in the sum of $10,912.66, with interest.

*So ordered.*