JAMES F. O'DONNELL *vs.* KATHERINE E. BUTLER & another.

Middlesex.   October 10, 1946. — December 3, 1946.

Present: FIELD, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Contract,* Construction, Of indemnity.

A transfer, less than a year after the death of the donor, of the principal of an inter vivos' trust made in contemplation of death, was made to the income beneficiary as a transfer under and pursuant to provisions of the trust that the trustee might in his discretion make such transfer on the beneficiary's request, and was not made as a transfer under the provisions of an agreement under seal between the beneficiary and the trustee which was executed at the time of the transfer and which recited a request by the beneficiary for the transfer and willingness of the trustee to make it and to terminate the trust upon payment to him individually of a certain sum as "consideration for a" remainder interest; and a succession tax assessed upon the principal so passing to the beneficiary was not within a promise by the trustee in such agreement "to indemnify and save harmless" the beneficiary "on account of all taxes, of whatever kind or nature, imposed or assessed on account of transfers and payments made hereunder."

BILL IN EQUITY, filed in the Superior Court on June 4, 1945, with a writ of summons and attachment dated May 15, 1945.

The suit was heard by *Cabot,* J.

*R. B. Walsh,* for the plaintiff.

*F. M. Qua,* for the defendant Butler.

WILKINS, J.   This is a bill in equity for specific performance of a written contract whereby, it is alleged, the defendants agreed to indemnify the plaintiff for certain succession taxes levied upon him and paid by him to the Commonwealth.   The defendant James E. O'Donnell was not served with process, and did not appear or answer. The defendant Butler in her answer denies that the tax fell within the terms of the agreement.   The case was heard by a judge, who filed "findings, rulings and order for decree." A final decree was entered dismissing the bill, and the

plaintiff appealed.  The evidence is reported.  *Malone* v. *Walsh*, 315 Mass. 484, 490.  *Boston Safe Deposit & Trust Co.* v. *Lewis*, 317 Mass. 137, 140.  *Jurewicz* v. *Jurewicz*, 317 Mass. 512, 513–514.

On July 21, 1941, Edward J. O'Donnell, late of Lowell, who was the uncle of the plaintiff and the brother of the defendants, as donor, executed a trust instrument transferring four hundred ninety-eight shares of the capital stock of James F. O'Donnell & Sons, Inc., a corporation engaged in the undertaking business, to the defendants as trustees. There were five hundred shares in all, the defendants each owning one.  The trust instrument provided that during the life of the plaintiff any net income should be paid to him, and further contained the following: "On the written request of said James F. O'Donnell to the trustees made not less than ten years from the date of this instrument the principal of the trust fund shall be transferred by the trustees to him and the trustees may in their discretion transfer the principal to him on his written or verbal request of an earlier date.  If there is no request by the said James F. O'Donnell within twelve years from the date of this instrument for such transfer the trustees shall transfer the principal of said trust fund to themselves as individuals in equal shares, free and clear of all trusts."  On August 29, 1941, the donor died.  In *O'Donnell* v. *Commissioner of Corporations & Taxation*, 317 Mass. 664, we held that the transfer was made in contemplation of death, and that the shares were property subject to a succession tax under G. L. (Ter. Ed.) c. 65, §§ 1, 3, in their amended form.

The succession tax was payable August 29, 1942, one year after the date of death.  G. L. (Ter. Ed.) c. 65, § 7.  Previously, on July 10, 1942, the plaintiff and the defendants, as trustees under the instrument of July 21, 1941, made a contract under seal reciting that the plaintiff "has made verbal request . . . for the transfer of the principal of the trust fund to him, and the . . . trustees are willing to exercise their discretion to terminate said trust by the transfer . . . of the principal thereof, upon payment to the . . . [trustees] individually, of a consideration for the remainder

interests" of the trustees, and that the plaintiff had agreed
to pay them $8,250 each "for the release of their interests
in and to the said trust and for the conveyance of the princi-
pal of the trust by the . . . trustees and for the covenants
and agreements herein made" by the defendants "individu-
ally and as trustees." The contract then provided for the
transfer to the plaintiff of the certificate for four hundred
ninety-eight shares, for the transfer to the plaintiff by the
defendant O'Donnell of his certificate for one share, for the
resignation of the defendant O'Donnell as officer and direc-
tor, for the resignation of the defendant Butler as director,
for the payment of $8,250 by the plaintiff to each of the
defendants, and for the termination of the trust. The fore-
going promises in the contract were performed. The con-
tract also contained the following paragraph, out of which
arises the present controversy: "5. The parties of the first
part [the defendants] agree to indemnify and save harmless
the party of the second part [the plaintiff] on account of
all taxes, of whatever kind or nature, imposed or assessed
on account of transfers and payments made hereunder,
except stock transfer taxes."

On January 6, 1943, the commissioner of corporations
and taxation determined the value of the property passing
"by . . . gift made in contemplation of the death of the
. . . donor." G. L. (Ter. Ed.) c. 65, § 25, as appearing in
St. 1939, c. 494, § 1. In each case the property was described
as "Interest in 498 Shares, James F. O'Donnell & Sons Co.,"
and the respective valuations were in the case of the plaintiff
$82,600 and in the cases of the defendants $8,250 each. The
judge found: "These valuations were apparently arrived
at by valuing the stock at a total of $99,600;[1] by giving to
the remainder interests of Katherine E. Butler and James E.
O'Donnell values equal to the amounts that James F.
O'Donnell had actually paid for them, i.e. $8,250 each; and
by considering that the whole balance, amounting to $82,600,
constituted the value of the whole interest of James F.
O'Donnell as donee, including both the value of his term for

---

[1] The evidence did not show why the value was more than $99,100.

years and the value of his remainder interest in the one
sum. Accordingly, the commissioner levied a tax upon
James E. O'Donnell as donee in the sum of $544.50, upon
Katherine E. Butler as donee in the sum of $726 and
upon James F. O'Donnell as donee in the sum of $7,216."
The correctness of this method of valuation is not before us.
Each paid the tax levied upon him. In the case of the plain-
tiff payment was made on May 11, 1945, of $7,216, the
amount of the tax, plus $1,150.94 interest, being a total of
$8,366.94. It is this total which the plaintiff seeks to re-
cover under paragraph 5 of the contract of July 10, 1942.

The judge ruled (1) that the plaintiff could in no event
recover the interest item, because it was not a part of the
tax; (2) that the plaintiff could in no event recover an
amount of $2,503.86, which was a portion of the tax, accord-
ing to testimony, attributable to the term for years given
the plaintiff in the trust instrument of July 21, 1941; and
(3) that the plaintiff could not recover the balance of the
tax, because it was "imposed or assessed on account of trans-
fers and payments" made not under the agreement of July
10, 1942, but rather under the trust instrument. We con-
sider only the last ruling, since, if correct, it is conclusive of
the entire case.

The plaintiff contends that, when in paragraph 5 the
defendants agreed "to indemnify and save harmless" the
plaintiff "on account of all taxes, of whatever kind or nature,
imposed or assessed on account of transfers and payments
made hereunder, except stock transfer taxes," the scope of
the indemnity included "any taxes which he might have to
pay, by reason of being a beneficiary of the trust, whether
strictly assessed because of his original interest, or because
of his coming into possession."

We assume for the moment that there had been no con-
tract of 1942. On that assumption, upon the value at the
time of death of the donor, the plaintiff would have been
taxed upon his term for years. G. L. (Ter. Ed.) c. 65, § 13.
*Howe* v. *Howe,* 179 Mass. 546, 551. Likewise the tax upon
the remainder interest after the expiration of the term for
years would have been payable when the "right of possession

or enjoyment" accrued. G. L. (Ter. Ed.) c. 65, § 7. Compare § 14. The plaintiff could not have been sure of coming into such possession or enjoyment even if he so desired. He might not have lived until the trustees exercised their discretion in the ten years following the date of the trust instrument, or, failing the exercise of that discretion, until he made request of the trustees after ten but not more than twelve years from that date. If the plaintiff, however, had come into such possession or enjoyment, he would have been the one to pay the tax on the remainder interest, and he would have done so under the trust instrument. In that eventuality there would have been no tax on the defendants.

It was in this situation that the parties entered into the contract of 1942, the effect of which was that the plaintiff at once came into possession of the remainder interest less $16,500, and the defendants at once came into possession of $8,250 each. The judge stated in his "findings, rulings and order for decree": The tax which the plaintiff "was thus required to pay, and which he seeks to recover from the . . . [defendants] in this proceeding remained, nevertheless, [a] tax imposed and assessed upon him on account of the original gift made to him by the decedent under the trust agreement of 1941, and, so far from being a tax imposed or assessed upon him on account of the transfers and payments made under the agreement of 1942, it was in fact considerably less in amount than it would have been if that agreement had never been made. The construction of paragraph 5 for which the plaintiff contends would be strained. The plaintiff paid the . . . [defendants] $16,500 for what were presumably valuable rights belonging to them, and yet he would have the court believe that the . . . [defendants] at the same time agreed to pay not only the taxes on their own shares amounting to $726 and $544.50 respectively, or a total of $1,270.50, but also $8,366.94 more for taxes on the plaintiff's share as well, i. e. a total of $9,637.44 or more than half of the total which they were to receive. Or, rather, since the . . . [defendant] James E. O'Donnell is not before the court, the plaintiff seeks, in

effect, the sum of $9,637.44 from the . . . [defendant] Katherine E. Butler alone, or $1,387.44 more than she received." "The courts always avoid, if possible, any construction of a contract that is unreasonable or inequitable." *Clark* v. *State Street Trust Co.* 270 Mass. 140, 153.

We agree with the reasoning of the judge, the outline of which we have followed herein. The tax in question does not fall within the terms of the contract. As the judge said, the "transfer of the decedent's property by the trustees to the plaintiff was not a transfer made 'under' the agreement of 1942 at all. It is true that by that agreement the . . . [defendants] did agree — whether they had any right to do so or not — to exercise their discretion as trustees by transferring what amounted to a portion of the trust property to the plaintiff. But the discretion which they thus exercised was the discretion given them by the decedent in the trust instrument made by him in 1941, the property they thus transferred was the decedent's property, and the transfer of it by them to the plaintiff was the transfer specifically authorized by the decedent in that instrument of 1941." Compare *Baxter* v. *Treasurer & Receiver General*, 209 Mass. 459; *Brown* v. *McLoughlin*, 287 Mass. 15.

We do not accept the plaintiff's contention that if the tax in question did not fall within the contract, there was no other tax which would, as stock transfer taxes were specifically excluded. Were it necessary to name any such tax, it would be enough to indicate that the contract would cover whatever might be the tax imposed by reason of the payment of $8,250 each to the defendants for their remainder interests. No valuation had then been made by the commissioner, who might not have accepted these figures, or who might have attempted to impose the entire tax upon the plaintiff.

The record contains no basis for another contention of the plaintiff that paragraph 5 should be strictly construed against the defendants. This is not a case where language is doubtful or uncertain and the intention of the parties cannot be ascertained from its terms. See *Schaffer* v. *Hotel & Railroad News Co.* 266 Mass. 276, 277.

By deciding the case on the merits we should not be understood as in any way expressing approbation of the conduct of the trustees in undertaking for a consideration to`exercise the discretion confided in them by the donor.

*Decree affirmed with costs.*