LoConto, EJ.
Aggrieved by the trial judge’s allowance of the plaintiff’s Motion for Summary Judgment, the defendants commenced this appeal on an “Agreed Statement of The Case” in accordance with Rule 8B of the District/Municipal Courts Rules for Appellate Division Appeal. The following facts are necessary for an understanding of the case. Haidak invited HBS Stereo to either install or just consult about the installation of a home music system. As a result of the misunderstanding as to the relationship, cross-suits ensued. In consideration for dismissing competing lawsuits, the parties agreed in a writing, prepared by the defendants, to dismiss their respective lawsuits upon the agreement of the defendants to pay the plaintiff $100.00 per month until $8,208.90 had been paid. Specifically tiie language, as contained in a letter from the defendants dated January 8,1999, was as follows:
Dr. Paul Haidak agrees to pay Dana Vrooman/HBS Stereo a minimum of $100.00 per month until the agreed upon debt of $8,208.90 is satisfied. If the Haidaks sell their residence at 4 Eastbrook Lane prior to the fulfillment of this sum, they agree to satisfy the remainder of the $8,208.90 from any profit from the sale of their private residence.
It is undisputed that the defendants made monthly payments of $100.00 up to and including July, 2000. Thereafter, the defendants failed to make four monthly payments until they tendered a check in the amount of $400.00 on November 10, 2000 to become current, without ever being notified that they were in default The plaintiffs rejected this payment and filed this lawsuit on November 29, 2000, prior to notifying the defendants that their payments were in default
To the extent that the trial judge ruled in his order allowing the plaintiffs motion for summary judgment that there are no material facts in dispute and that the interpretation of the contract is a legal, not factual issue, we agree. The interpretation of a contract is generally a question of law and where the language of the contract is unambiguous, the contract must be interpreted according to its plain terms. Freelander v. G.K. Realty Corp., 357 Mass. 512 (1970). The trial judge ruled “that a fair reading of the letter agreement must include the right to accelerate the unpaid balance in the event that defendants failed to make any payments.” He reasoned that “[a]ny plaintiff who would dismiss an already pending action for the entire sum in return for an interest free payment would not do so if his remedy *78 upon a missed payment was either to sue for the particular payment(s) or to wait up to almost seven years to sue for the entire unpaid balance.” In his argument before us, the plaintiff does not adopt the trial judge’s theory that the letter agreement must include the right to accelerate the unpaid balance in the event that the defendants failed to make any payments. Instead he contends that the absence of any language addressing remedies in the event of a breach of any payment suggests that all reasonable legal remedies are available. And that by construing the agreement most strongly against the drafters, the defendants, remedies that are not specifically barred are therefore available. Schaffer v. Hotel & Railroad News Co., 266 Mass. 276 (1929). Therefore, the plaintiff requests that we recognize his ability to repudiate the contract as a result of the defendants’ failure to forward four separate payments, and permit a demand for the full amount permitted under the terms of the contract
We cannot adopt either theory to support the allowance of the motion. In interpreting the agreement of January 8,1999, it would be inappropriate to question the plaintiffs motivation for dismissing his original claim. The motivation for the plaintiff or the defendant to dismiss their respective actions and agree to resolve the dispute in the manner they did is not relevant to this case. We cannot consider the likelihood that the plaintiff would have prevailed over the defendant if their cases were tried and not dismissed. It is more likely that the parties negotiated this resolution because each harbored uncertainties about the success of their respective claims. In this action, neither party attacks the validity of the agreement of January 8,1999. Nor do they suggest that there was a mistake of fact that affects the enforceability of the agreement Instead the parties advance contrary theories as to tiie appropriate remedy for the defendants breach of four monthly payments. The plaintiff agrees with the defendants’ argument that additional terms, the purported acceleration clause, cannot be written into the contract However, he asks that we determine that his damages are the outstanding balance that became due and owing on the day he repudiated the contract in response to the defendants’ breach of the fourth payment
The plaintiff’s argument presupposes that the agreement letter should be viewed as an acknowledgment that the defendants admit that they were already indebted to the plaintiff and that the plaintiff is permitting them to pay the debt over a period of eighty-two months. We agree, if that were the situation, the plaintiff would be entitled to judgment in his favor for the entire sum. Upham v. Smith, 7 Mass. 265 (1811). In Upham, as cited in the plaintiffs brief, the plaintiff had a promissory note payable on demand, but afterwards executed an agreement which permitted the defendant to pay in five equal installments. The court concluded that the plaintiff was entitled to recover the entire balance due by the note upon breach of a payment In our case, for reasons that are not relevant to a legal interpretation of the agreement, the parties agreed that the defendants would pay a minimum of $100.00 per month until $8,208.90 is paid. Nothing obligated the defendants to pay the plaintiff anything before the execution of this agreement Any other theory would essentially re-write the agreement to include an acceleration clause permitting a legally enforceable demand for payment in full upon the breach of a monthly payment Both parties correctly conclude that such a clause cannot be written into the parties’ agreement
Even if an acceleration clause could be implied, where the plaintiff did not seek to default the defendant prior to receipt of the four months payments, acceleration would not be permissible. Wilshire Enterprises, Inc. v. Taunton Pearl Works, Inc., 356 Mass. 675, 678 (1970). Payment of the overdue instalment prior to the time the option is exercised removes the conditions upon which the exercise may be based.
We do not find that the plaintiff was entitled to anything more than the payments due upon the schedule plainly set out in the agreement Therefore, we *79 vacate the order of the trial judge allowing the plaintiffs Motion for Summary Judgment for the amount requested and order that the clerk of the trial court enter an order allowing the plaintiffs Motion for Summary Judgment in the amount of $400.00. The plaintiff, who was not the prevailing party in this appeal, is not entitled to additional interest or costs in this action where the record indicates he rejected the tendered payment and filed the lawsuit without notifying the defendants that their payments were in default We order that judgment enter in the amount of $400.00 with costs as provided by law in the original action and interest from November 30,2000 to July 5,2001.